UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | |
|---|---|
| CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST, on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>GLOBE LIFE INC. f/k/a TORCHMARK CORPORATION, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 4:24-cv-00376-ALM<br><br>CLASS ACTION |

**KBC ASSET MANAGEMENT NV AND CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

- i -

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. FACTUAL BACKGROUND .................................................................................................2

III. ARGUMENT ...........................................................................................................................3

    A. The Institutional Investors Should Be Appointed Lead Plaintiff ...........................3

        1. The Institutional Investors' Motion Is Timely.............................................4

        2. The Institutional Investors Possess the Largest Financial Interest in the Relief Sought by the Class ...................................................................4

        3. The Institutional Investors Satisfy the Rule 23 Typicality and Adequacy Requirements ..............................................................................5

    B. The Court Should Approve the Institutional Investors' Selection of Counsel ....................................................................................................................9

IV. CONCLUSION......................................................................................................................11

4870-1283-6557.v1

## TABLE OF AUTHORITIES

Page

**CASES**

*Bennet v. Sprint Nextel Corp.*,
   No. 2:09-cv-02122 (D. Kan.) ...................................................................................... 10

*Birmingham Retirement and Relief System v.
   S.A.C. Capital Advisors, L.L.C.*,
   No. 1:12- cv-09350 (S.D.N.Y.) .............................................................................. 6, 7, 8

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*,
   2012 WL 1339678 (N.D. Ill. Apr. 18, 2012) ................................................................ 7

*City of Sterling Heights Gen. Employees'
   Retirement System v. Hospira, Inc.*,
   No. 1:11-cv-08332 (N.D. Ill.) ...................................................................................... 10

*In re American Realty Capital Properties, Inc. Litigation*,
   No. 1:15-mc-00040 (S.D.N.Y.) .................................................................................. 10

*In re Barrick Gold Securities Litigation*,
   No. 1:13-cv-03851 (S.D.N.Y.) ................................................................................... 10

*In re BHP Billiton Ltd. Sec. Litig.*,
   No. 1:16-cv-01445 (S.D.N.Y. Apr. 10, 2019) ............................................................. 7

*In re BRF S.A. Sec. Litig.*,
   No. 1:18-cv-02213 (S.D.N.Y. Oct. 23, 2020) ............................................................. 8

*In re Cardinal Health, Inc. Sec. Litig.*,
   No. 2:04-cv-00575-ALM (S.D. Ohio) ........................................................................ 10

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ......................................................................................... 8

*In re Dynegy Inc. Sec. Litig.*,
   No. 4:02-cv-01571 (S.D. Tex.) .................................................................................... 9

*In re Enron Corp. Sec.*,
   586 F. Supp. 2d 732 (S.D. Tex. 2008) ......................................................................... 9

*In re Enron Corp. Sec. Litig.*,
   206 F.R.D. 427 (S.D. Tex. 2002) ................................................................................. 4

*In re Enron Corp. Sec. Litig.*,
   No. 4:01-cv-03624 (S.D. Tex.) ................................................................................... 10

**Page**

*In re HealthSouth Corp. Sec. Litig.*,
    No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ................................................................10

*In re National Prescription Opiate Litigation*,
    MDL 2804 (N.D. Ohio) ...............................................................................................9

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
    No. 1:01-cv-01451-REB-KLM (D. Colo.) ...............................................................10

*In re Twitter, Inc. Sec. Litig.*,
    2020 WL 4187915 (N.D. Cal. Apr. 17, 2020) ............................................................7

*In re Twitter, Inc. Securities Litigation*,
    No. 4:16-cv-05314 (N.D. Cal.) ..............................................................................6, 10

*In re Under Armour Sec. Litig.*,
    631 F. Supp. 3d 285 (D. Md. 2022) ............................................................................7

*In re Under Armour Securities Litigation*,
    No. 1:17-cv-00388 (D. Md.) ..................................................................................6, 10

*In re UnitedHealth Group Inc. Sec. Litig.*,
    No. 0:06-cv-01691-JMR-FLN (D. Minn.) ................................................................10

*Jones v. Pfizer*,
    No. 1:10-cv-03864 (S.D.N.Y.) ..................................................................................10

*KBC Asset Mgmt. NV v. 3D Sys. Corp.*,
    2017 WL 4297450 (D.S.C. Sept. 28, 2017) ................................................................7

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
    No. 1:02-cv-05893 (N.D. Ill.) ...................................................................................10

*Leventhal v. Chegg, Inc.*,
    2022 WL 4099454 (N.D. Cal. Sept. 7, 2022) .............................................................6

*Mass. Laborers' Annuity Fund v. Encysive Pharms. Inc.*,
    2007 WL 9752766 (S.D. Tex. Mar. 20, 2007) ............................................................5

*Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*,
    2017 WL 3780164 (E.D. Tex. Aug. 31, 2017) ...........................................................8

*W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*,
    325 F.R.D. 280 (D. Minn. 2018) ...............................................................................10

4870-1283-6557.v1

**Page**

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
  549 F.3d 100 (2d Cir. 2008) ..................................................................................................7

*Westchester Putnam Cntys. Heavy & Highway Laborers
  Local 60 Benefit Funds v. Brixmor Prop. Grp., Inc.*,
  No. 1:16-cv-02400 (S.D.N.Y. Dec. 13, 2017) .......................................................................7

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
  §78u-4(a)(1) ...........................................................................................................................3
  §78u-4(a)(3) ...........................................................................................................................1
  §78u-4(a)(3)(A)(i) ..................................................................................................................4
  §78u-4(a)(3)(B)(i) ..................................................................................................................2
  §78u-4(a)(3)(B)(ii) .................................................................................................................2
  §78u-4(a)(3)(B)(iii) ............................................................................................................2, 4
  §78u-4(a)(3)(B)(iii)(I)(cc) ......................................................................................................5
  §78u-4(a)(3)(B)(iii)(II)(aa) .....................................................................................................9
  §78u-4(a)(3)(B)(v) ..............................................................................................................2, 9

Federal Rules of Civil Procedure
  Rule 23 ................................................................................................................................4, 5

Local Rule CV-7(h) ......................................................................................................................1

4870-1283-6557.v1

Proposed lead plaintiffs KBC Asset Management NV ("KBC") and City of Birmingham Retirement and Relief System ("BRRS," and with KBC, the "Institutional Investors"), by their counsel, hereby move this Court for an Order pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") appointing the Institutional Investors as Lead Plaintiff and approving their selection of Motley Rice LLC ("Motley Rice") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.[1] In support of this Motion, the Institutional Investors submit the Declaration of Joe Kendall ("Kendall Decl.") and an Order, filed concurrently herewith.

## I.     INTRODUCTION

The above-captioned securities class action case was filed on behalf of purchasers or acquirers of Globe Life Inc. f/k/a Torchmark Corporation ("Globe Life" or the "Company") common stock between May 8, 2019 and April 10, 2024, both dates inclusive (the "Class Period"), alleging violations of the Securities Exchange Act of 1934 (the "1934 Act") and Rule 10b-5, promulgated thereunder, against the Company; its co-Chief Executive Officers from June 2012 until December 31, 2022 (Gary L. Coleman and Larry M. Hutchinson); Executive Vice President and Chief Financial Officer from June 2012 until January 1, 2023 and co-Chief Executive Officer since January 1, 2023 (Frank M. Svoboda); Corporate Senior Vice President and Chief Accounting Officer (M. Shane Henrie); Co-Chief Executive Officer since January 1, 2023 (James Matthew Darden); and Executive Vice President and Chief Financial Officer since January 1, 2023 (Thomas P. Kalmbach).

---

[1]     Local Rule CV-7(h) requires a conference of counsel before filing motions. Pursuant to the PSLRA, however, any putative class member, regardless of whether it filed a complaint, may file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3). As such, there is no way for the Institutional Investors' counsel to know if anyone else plans to seek appointment as lead plaintiff until after July 1, 2024, the date by which all lead plaintiff motions must be filed. Under these narrow circumstances, the Institutional Investors respectfully request that the Local Rule CV-7(h) conferral requirement be waived and/or they be permitted to supplement this certificate of conference once putative lead plaintiffs are identified.

The PSLRA dictates that, in securities actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

The Institutional Investors respectfully submit that they should be appointed as Lead Plaintiff because: (1) they timely filed a motion; (2) to their counsel's knowledge, they have the largest financial interest in the relief sought by the class; and (3) they will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, the Institutional Investors' selection of Motley Rice and Robbins Geller as Lead Counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Headquartered in McKinney, Texas, Globe Life is an insurance company that offers a wide range of insurance products, including life insurance, mortgage protections, and supplemental health insurance. The Company operates five wholly owned insurance subsidiaries, the largest of which, by both premiums collected and number of sales agents employed, is American Income Life Insurance Company ("AIL").

Throughout the Class Period, Globe Life touted its consistent revenue growth, particularly from AIL, which accounted for 50% of the Company's profits in 2022 and 2023, and reported consistent premium revenue growth, led by premium revenue growth at AIL. The Company also represented that its employees adhered to a Code of Conduct that expressly prohibited various forms of misconduct to ensure Globe Life would maintain a workplace free from violence, threatening behavior, and illegal drugs. The complaint alleges that these statements were materially false and misleading and failed to disclose material facts necessary to make the statements made, in light of the circumstances in which they were made, not false and misleading. As a result of these

misrepresentations, the Company's common stock traded at artificially inflated prices during the Class Period.  In truth, Globe Life: (i) was engaged in widespread insurance fraud, therefore inflating the Company's financial results; and (ii) permitted a culture of unchecked sexual harassment, in direct contravention of its Code of Conduct.

On April 11, 2024, investment research firm *Fuzzy Panda* published a report alleging that Globe Life had engaged in widespread insurance fraud and permitted a culture of unchecked sexual harassment.  In particular, the report alleged that several of Globe Life's subsidiaries were underwriting policies for dead and fictitious people, as well as adding policies to existing users' accounts without their consent.  *Fuzzy Panda* also reported that it had uncovered evidence that the subsidiaries maintained a hostile workplace where sexual harassment, drug use, and sexual assault went unchecked – conduct that violated the Company's Code of Conduct.  In response to the publication of the report, the price of Globe Life's common stock declined by approximately 54%, from a closing price of $104.93 per share on April 10, 2024, to a closing price of $49.17 per share on April 11, 2024.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of Globe Life's common stock, the Institutional Investors and other class members have suffered significant losses and damages.

### III.   ARGUMENT

#### A.   The Institutional Investors Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than

20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA requires the Court to adopt a presumption that the most adequate plaintiff is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 457 (S.D. Tex. 2002). The Institutional Investors meet each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. The Institutional Investors' Motion Is Timely

The named plaintiff in this case published notice on April 30, 2024 via *Business Wire*, advising putative class members of the pendency of the action and claims asserted, the Class Period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by July 1, 2024. *See* Kendall Decl., Ex. A. As this Motion is timely, the Institutional Investors are entitled to be considered for appointment as lead plaintiff.

### 2. The Institutional Investors Possess the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Institutional Investors purchased 606,155 shares of Globe Life common stock at artificially inflated prices and suffered approximately $9.7 million in losses as a result of the alleged wrongdoing. *See* Kendall Decl., Exs. B, C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Institutional Investors satisfy the PSLRA's largest financial interest requirement.

### 3. The Institutional Investors Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the proceedings, "the Court looks to . . . whether the candidates satisfy the typicality and adequacy requirements of Rule 23." *Mass. Laborers' Annuity Fund v. Encysive Pharms. Inc.*, 2007 WL 9752766, at *2 (S.D. Tex. Mar. 20, 2007).

Typicality is achieved where the proposed lead plaintiff's claims "'arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory.'" *Id.* (citation omitted). Here, if successful in proving their injury and losses resulting from Defendants' allegedly false and misleading statements and omissions, the Institutional Investors will necessarily prove the conduct underlying all class members' claims, just as they will establish the elements of those claims. That is because, just like all other class members, the Institutional Investors: (1) purchased Globe Life common stock during the Class Period; (2) were adversely affected by Defendants' false and misleading statements; and (3) suffered damages thereby. Accordingly, the Institutional Investors' claims are typical of those of the purported class members.

A lead plaintiff movant demonstrates its adequacy by "showing that it does not have a conflict with the class,[] that it is willing and able to take an active role in the litigation and protect the class members' interests, and that it has chosen qualified, experienced counsel." *Id.* The Institutional Investors are clearly adequate because their interests are fully aligned with those of the putative class and there is no evidence of any antagonism between the Institutional Investors' interests and the class's interests. The Institutional Investors' substantial losses provide the requisite

4870-1283-6557.v1

interest to ensure vigorous advocacy.  In addition, as shown below, the Institutional Investors have retained competent and experienced counsel to prosecute these claims.

Based in Brussels, Belgium, KBC is an institutional investor with significant prior experience serving as a lead plaintiff and class representative, is aware of the requirements and responsibilities of being a lead plaintiff in a securities class action, and is willing to undertake these responsibilities on behalf of the class.  This prior experience includes serving as a co-lead plaintiff with BRSS in the action captioned *Birmingham Retirement and Relief System v. S.A.C. Capital Advisors, L.L.C.*, No. 1:12- cv-09350 (S.D.N.Y.), in which the Institutional Investors recovered $10 million, or nearly 50% of claimed damages, after several years of litigation.  More recently, KBC served as the lead plaintiff and co-class representative in *In re Twitter, Inc. Securities Litigation*, No. 4:16-cv-05314 (N.D. Cal.), which resolved for $809.5 million in 2022, and as a co-class representative in *In re Under Armour Securities Litigation*, No. 1:17-cv-00388 (D. Md.), in which it recently secured a $434 million recovery, subject to court approval.

As set forth in the Joint Declaration attached as Exhibit D to the Kendall Declaration, KBC serves as the asset manager for KBC Equity Fund NV.  During the Class Period, that fund purchased, and held legal title to, the Globe Life common stock on which it incurred substantial losses.  Prior to filing this Motion, KBC obtained a valid assignment of claim from the KBC Equity Fund NV.  *See* Kendall Decl., Ex. E; *see also Leventhal v. Chegg, Inc.*, 2022 WL 4099454, at *3 (N.D. Cal. Sept. 7, 2022) (appointing KBC lead plaintiff and holding KBC "Funds' assignment of its claims to KBC in this matter is facially valid" and competing movant "failed to provide evidence contesting the validity of the assignment; its speculation about the validity is insufficient to rebut the lead plaintiff presumption").[2]  KBC likewise has standing to represent KBC Equity Fund NV in

---

[2] The assignments in *Chegg* (as well as in numerous other cases in which KBC has been appointed as lead plaintiff and class representative) are identical to the assignment obtained here.

- 6 -

class actions under the terms of the fund's management agreement with KBC and under the prudential exception.[3] Courts throughout the country have repeatedly appointed KBC as lead plaintiff or class representative after finding that it possessed standing to assert the claims at issue.[4]

Like KBC, BRRS is also a sophisticated institutional investor experienced in fulfilling the duties of a lead plaintiff and supervising the work of outside counsel. BRRS is a public pension fund that provides retirement, disability, and survivor benefits to eligible civil service employees, elected officials, and appointed employees of the City of Birmingham, Alabama. BRRS has repeatedly been appointed by courts to serve as a lead plaintiff or co-lead plaintiff with other institutional investors in securities cases. *See S.A.C. Capital Advisors*, No. 1:12-cv-09350 (S.D.N.Y.) (obtaining with KBC a $10 million recovery); *Westchester Putnam Cntys. Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Prop. Grp., Inc.*, No. 1:16-cv-02400, ECF 91 (S.D.N.Y. Dec. 13, 2017) (BRRS and two other institutional investor lead plaintiffs obtaining approval of $28 million settlement); *In re BHP Billiton Ltd. Sec. Litig.*, No. 1:16-cv-01445, ECF 141

---

[3] *See* Kendall Decl. Ex. F at 2.2.2 (Management agreement between KBC and KBC Equity Fund NV providing that the fund authorizes KBC to "participat[e] in *class actions* or the commencement of an individual action" on its behalf.); *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008) (prudential exception allows for third-party standing "where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests"). KBC has a close relationship to its fund, as evidenced by the fact it serves as its management company, and there is a barrier to the fund asserting the claims given it has contracted with KBC to do precisely that.

[4] *See, e.g.*, *In re Under Armour Sec. Litig.*, 631 F. Supp. 3d 285, 294 (D. Md. 2022) (appointing KBC as class representative on the same standing basis as here and holding "this Court is satisfied that Aberdeen, Monroe, and KBC possess claims that are typical of the unnamed class members, and that all three Plaintiffs will 'fairly and adequately protect the interests of the class.'") (citation omitted); *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2 (N.D. Cal. Apr. 17, 2020) (appointing KBC as a co-class representative on same standing basis as here); *KBC Asset Mgmt. NV v. 3D Sys. Corp.*, 2017 WL 4297450, at *6 (D.S.C. Sept. 28, 2017) (appointing KBC as class representative on same standing basis as here and noting that "KBC has shown substantial commitment and involvement in this litigation and has demonstrated it is adequate in this regard"); *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, 2012 WL 1339678 (N.D. Ill. Apr. 18, 2012) (appointing KBC as lead plaintiff on same standing basis as here).

(S.D.N.Y. Apr. 10, 2019) (granting final approval to $50 settlement in which BRRS served as a lead plaintiff and class representative); *In re BRF S.A. Sec. Litig.*, No. 1:18-cv-02213, ECF 180 (S.D.N.Y. Oct. 23, 2020) (granting final approval to $40 million recovery obtained by BRRS as lead plaintiff).

The Institutional Investors have executed a Joint Declaration confirming that they fully understand the obligations of a lead plaintiff to absent class members under the PSLRA and are willing and able to prosecute this Action in a cohesive and coordinated fashion, and to supervise and monitor counsel. *See* Kendall Decl., Ex. D. As mentioned above, the Institutional Investors' collaboration in this litigation follows from their pre-existing relationship working together as lead plaintiffs in *S.A.C. Capital Advisors*, as well as from their roles as fiduciaries and their shared goals and interests in protecting their funds' assets. Before filing this Motion, representatives of the Institutional Investors established protocols to jointly prosecute the case and undertake joint decision-making. *Id*. at ¶6. The Institutional Investors discussed, among other things, the merits of the claims and the status of the litigation, the lead plaintiff process, and the Institutional Investors' shared commitment to devote resources to the class, and common goals and strategy for the joint prosecution of this action. *Id*. The Institutional Investors are therefore precisely the type of institutional investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *see also Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*, 2017 WL 3780164, at *5 (E.D. Tex. Aug. 31, 2017) (this Court appointing a group of two pension funds as lead plaintiff).

Because the Institutional Investors filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### B. The Court Should Approve the Institutional Investors' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). The Institutional Investors have selected Motley Rice and Robbins Geller to serve as lead counsel in this case.

Motley Rice possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. The firm has recovered billions of dollars for shareholders in numerous securities fraud actions, including the actions listed below. In addition, Motley Rice currently serves as lead counsel in the multi-district litigation captioned *In re National Prescription Opiate Litigation*, MDL 2804 (N.D. Ohio), which has to-date seen the recovery of tens of billions of dollars and has been described as "the most complex civil action ever tackled by any American court."

Robbins Geller also possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, Robbins Geller regularly practices complex securities litigation in federal courts across the country and has obtained the two largest PSLRA class action recoveries ever in Texas courts. *See In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) ($7.2 billion); *In re*

*Dynegy Inc. Sec. Litig.*, No. 4:02-cv-01571 (S.D. Tex.) ($474 million).[5] In addition to obtaining the largest securities fraud class action recoveries in the nation and in this Circuit, Robbins Geller is responsible for obtaining the largest PSLRA recoveries in the Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[6]

Moreover, Motley Rice and Robbins Geller have a long history of successfully prosecuting securities class actions together, including *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040 (S.D.N.Y.) ($1.025 billion recovery); *In re Twitter, Inc. Securities Litigation*, No. 4:16-cv-05314 (N.D. Cal.) ($809.5 million recovery); *Jones v. Pfizer*, No. 1:10-cv-03864 (S.D.N.Y.) ($400 million recovery); *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851 (S.D.N.Y.) ($140 million recovery); *Bennet v. Sprint Nextel Corp.*, No. 2:09-cv-02122 (D. Kan.) ($131 million recovery); and *City of Sterling Heights Gen. Employees' Retirement System v. Hospira, Inc.*, No. 1:11-cv-08332 (N.D. Ill.) ($60 million recovery). Indeed, just last month, the two firms resolved (subject to court approval) a securities fraud class action captioned *In re Under Armour Securities Litigation*, No. 1:17-cv-00388 (D. Md.) for $434 million, just weeks before trial. *See also W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 325 F.R.D. 280, 287 (D.

---

[5]  For a detailed description of Motley Rice's and Robbins Geller's track records, resources, and attorneys, please see https://www.motleyrice.com and https://www.rgrdlaw.com, respectively. Hard copies of each firm's resumes are available upon the Court's request, if preferred.

[6]  *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.2 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

Minn. 2018) ("Plaintiffs' counsel – lawyers from Robbins Geller Rudman & Dowd LLP and Motley Rice LLC – is well-qualified to serve as class counsel in this case.  First, the filings in this case demonstrate that counsel has sufficiently investigated and identified potential claims in this case. . . . Second, counsel has experience serving as class counsel in other disputes. . . .  Third, counsel has demonstrated in this case and others that they have significant knowledge of securities law. . . . Finally, the Court is persuaded that counsel has sufficient resources to serve as class counsel in this case.").

Accordingly, the Institutional Investors' selection of counsel should be approved.

## IV. CONCLUSION

The Institutional Investors have satisfied each of the PSLRA's lead plaintiff requirements. As such, the Institutional Investors respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Motley Rice and Robbins Geller as Lead Counsel.

DATED:  July 1, 2024

Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)


*s/ Joe Kendall*
JOE KENDALL

3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

MOTLEY RICE LLC
GREGG S. LEVIN
CHRISTOPHER F. MORIARTY
MEREDITH B. WEATHERBY
(Texas Bar No. 24079006)
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
glevin@motleyrice.com
cmoriarty@motleyrice.com
mweatherby@motleyrice.com

Proposed Lead Counsel for Proposed Lead Plaintiff