# Exhibit 1

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
**Washington, D.C. 20549**

# FORM 10-K

**[ ☒ ] ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the fiscal year ended December 31, 2019

or

**[ ☐ ] TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the transition period from to

Commission file number: 001-08052

# GLOBE LIFE INC.

(Exact name of registrant as specified in its charter)

| Delaware | 63-0780404 |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |
| 3700 South Stonebridge Drive, McKinney, TX | 75070 |
| (Address of principal executive offices) | (Zip Code) |

972-569-4000
(Registrant's telephone number, including area code)

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
|---|---|---|
| Common Stock, $1.00 par value per share | GL | New York Stock Exchange |

Securities registered pursuant to Section 12(g) of the Act: None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.

Yes ☒ No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.

Yes ☐ No ☒

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.

Yes ☒ No ☐

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§ 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files).

Yes ☒ No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company", and "emerging growth company" in Rule 12b-2 of the Exchange Act.:

| | | | |
|---|---|---|---|
| Large accelerated filer | ☒ | Accelerated filer | ☐ |
| Non-accelerated filer | ☐ | Smaller reporting company | ☐ |
| | | Emerging growth company | |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).

Yes No ☒

As of June 30, 2019, the aggregate market value of the registrant's common stock held by non-affiliates of the registrant was $9.6 billion based on the closing sale price as reported on the New York Stock Exchange.

Indicate the number of shares outstanding of each of the issuer's classes of common stock, as of the latest practicable date.

| Class | Outstanding at February 19, 2020 |
|---|---|
| Common Stock, $1.00 par value per share | 107,533,326 shares |

### DOCUMENTS INCORPORATED BY REFERENCE

| Document | Parts Into Which Incorporated |
|---|---|
| Proxy Statement for the Annual Meeting of Stockholders to be held on April 30, 2020 (Proxy Statement) | Part III |

**REPORT OF INDEPENDENT REGISTERED PUBLIC ACCOUNTING FIRM**

To the shareholders and the Board of Directors of Globe Life Inc.

**Opinion on the Financial Statements**

We have audited the accompanying consolidated balance sheets of Globe Life Inc. and subsidiaries (Globe Life) as of December 31, 2019 and 2018, the related consolidated statements of operations, comprehensive income, shareholders' equity, and cash flows, for each of the three years in the period ended December 31, 2019, and the related notes and the schedules listed in the Index at Item 15 (collectively referred to as the "financial statements"). In our opinion, the financial statements present fairly, in all material respects, the financial position of Globe Life as of December 31, 2019 and 2018, and the results of its operations and its cash flows for each of the three years in the period ended December 31, 2019, in conformity with accounting principles generally accepted in the United States of America.

We have also audited, in accordance with the standards of the Public Company Accounting Oversight Board (United States) (PCAOB), Globe Life's internal control over financial reporting as of December 31, 2019, based on criteria established in *Internal Control - Integrated Framework (2013)* issued by the Committee of Sponsoring Organizations of the Treadway Commission and our report dated February 26, 2020, expressed an unqualified opinion on Globe Life's internal control over financial reporting.

**Basis for Opinion**

These financial statements are the responsibility of Globe Life's management. Our responsibility is to express an opinion on Globe Life's financial statements based on our audits. We are a public accounting firm registered with the PCAOB and are required to be independent with respect to Globe Life in accordance with the U.S. federal securities laws and the applicable rules and regulations of the Securities and Exchange Commission and the PCAOB.

We conducted our audits in accordance with the standards of the PCAOB. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement, whether due to error or fraud. Our audits included performing procedures to assess the risks of material misstatement of the financial statements, whether due to error or fraud, and performing procedures that respond to those risks. Such procedures included examining, on a test basis, evidence regarding the amounts and disclosures in the financial statements. Our audits also included evaluating the accounting principles used and significant estimates made by management, as well as evaluating the overall presentation of the financial statements. We believe that our audits provide a reasonable basis for our opinion.

**Critical Audit Matters**

The critical audit matters communicated below are matters arising from the current-period audit of the financial statements that were communicated or required to be communicated to the audit committee and that (1) relate to accounts or disclosures that are material to the financial statements and (2) involved our especially challenging, subjective, or complex judgments. The communication of critical audit matters does not alter in any way our opinion on the financial statements, taken as a whole, and we are not, by communicating the critical audit matters below, providing separate opinions on the critical audit matters or on the accounts or disclosures to which they relate.

***Investments in Fixed Maturities Classified as Available for Sale - Significant Unobservable Inputs - Refer to Notes 1 and 4 to the Financial Statements***

*Critical Audit Matter Description*

Investments in fixed maturities classified as available for sale are reported at fair value in the financial statements. The investments without readily determinable market values are valued using significant unobservable inputs such as credit ratings and discount rates. These inputs involve considerable judgment by management.

We identified investments in fixed maturities classified as available for sale without readily determinable market values as a critical audit matter because of the unobservable inputs used by management to estimate fair value.

Auditing these inputs required especially subjective judgment and required the involvement of our fair value specialists to fully evaluate them.

*How the Critical Audit Matter Was Addressed in the Audit*

Our audit procedures related to the unobservable inputs used by management to estimate the fair value of investments in fixed maturities classified as available for sale included the following, among others:

• We tested the effectiveness of controls over investments in fixed maturities classified as available for sale, including management's controls over the determination of unobservable inputs and fair value.
• We tested the accuracy and completeness of underlying data used in the determination of the fair value (e.g., investments owned at the balance sheet date and relevant security attributes).
• With the assistance of our fair value specialists, we developed independent estimates of fair value for a selection of securities and compared our estimates to management's estimates.

**Future Policy Benefits and Amortization of Deferred Acquisition Costs - Certain Underlying Assumptions - Refer to Note 1 to the Financial Statements**

*Critical Audit Matter Description*

The Company's management sets assumptions in (1) recording a liability for policy benefit payments that will be made in the future (future policy benefits) and (2) determining amortization of deferred acquisition costs. The most significant assumptions include mortality, morbidity, and persistency. Assumptions are determined based upon published studies and analysis of Company specific experience, adjusted for changes in exposure and other relevant factors. Given the inherent uncertainty of these significant assumptions, auditing the development of such assumptions involved especially subjective judgment.

*How the Critical Audit Matter Was Addressed in the Audit*

Our audit procedures related to management's judgments regarding the assumptions used in the development of future policy benefits and the amortization of deferred acquisition costs included the following, among others:

• We tested the effectiveness of controls over the assumption development process and the valuation of future policy benefits.
• We tested the underlying data used in the development of the assumptions as well as in the determination of the liability for future policy benefits and the amortization of deferred acquisition costs.
• We evaluated management's selected actuarial assumptions, including testing the accuracy and completeness of the supporting experience studies.
• With the assistance of our actuarial specialists, we evaluated management's judgments regarding the assumptions used in the development of future policy benefits and the amortization of deferred acquisition costs.
• We evaluated whether the assumptions used were consistent with evidence obtained in other areas of the audit.

/s/ DELOITTE & TOUCHE LLP

Dallas, Texas
February 26, 2020

We have served as Globe Life's auditor since 1999.

50

**SIGNATURES**

Pursuant to the requirements of Section 12 or 15(d) of the Securities Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned, thereunto duly authorized.

GLOBE LIFE INC.

By: _____/s/ GARY L. COLEMAN_____

**Gary L. Coleman**

**Co-Chairman and Chief Executive Officer and Director**

By: _____/s/ LARRY M. HUTCHISON_____

**Larry M. Hutchison**

**Co-Chairman and Chief Executive Officer and Director**

By: _____/s/ FRANK M. SVOBODA_____

**Frank M. Svoboda**

**Executive Vice President and Chief Financial Officer**

By: _____/s/ M. SHANE HENRIE_____

**M. Shane Henrie**

**Corporate Senior Vice President and Chief Accounting Officer**

Date: February 26, 2020

Pursuant to the requirements of the Securities Exchange Act of 1934, this report has been signed below by the following persons on behalf of the registrant and in the capacities and on the dates indicated.

| By: /s/ CHARLES E. ADAIR * | By: /s/ ROBERT W. INGRAM * |
|---|---|
| **Charles E. Adair** | **Robert W. Ingram** |
| **Director** | **Director** |
| By: /s/ LINDA L. ADDISON * | By: /s/ STEVEN P. JOHNSON * |
| **Linda L. Addison** | **Steven P. Johnson** |
| **Director** | **Director** |
| By: /s/ MARILYN A. ALEXANDER * | By: /s/ DARREN M. REBELEZ * |
| **Marilyn A. Alexander** | **Darren M. Rebelez** |
| **Director** | **Director** |
| By: /s/ CHERYL D. ALSTON * | By: /s/ MARY E. THIGPEN * |
| **Cheryl D. Alston** | **Mary E. Thigpen** |
| **Director** | **Director** |
| By: /s/ JANE M. BUCHAN * | |
| **Jane M. Buchan** | |
| **Director** | |

Date: February 26, 2020

*By: _____/s/ FRANK M. SVOBODA_____

**Frank M. Svoboda**

**Attorney-in-fact**