UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST, on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>GLOBE LIFE INC. f/k/a TORCHMARK CORPORATION, et al.,<br><br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:24-cv-00376-ALM<br><br>CLASS ACTION |

**LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE**

4927-6942-8313

Lead Plaintiffs respectfully submit this response to Defendants' Request for Judicial Notice (ECF 55) (the "Request").  The Request asks the Court to judicially notice Globe Life Inc.'s ("Globe Life" or the "Company") July 29, 2025, Form 8-K filing with the United States Securities and Exchange Commission ("SEC"), which attaches two Company press releases announcing that the SEC and Department of Justice ("DOJ") recently concluded their investigations into the Company, with the DOJ-related press release containing Defendants'[1] unsubstantiated interpretation of what that "means."  Request at 1.  Neither press release attaches the communication from the SEC or DOJ, but instead each references and purports to summarize a letter from the SEC and notification from the DOJ.  The Request further improperly argues that the termination of the investigations "negates an inference of scienter."  *Id*. at 2.

A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  While the Form 8-K itself may properly be the subject of judicial notice, Defendants may not seek judicial notice of their interpretation of the contents and significance of the Form 8-K and the events reported in it and the attached press releases, or the inferences that should be drawn from them.  But that is exactly what the Request asks the Court to do.  As such, the Request should be denied.

***First***, Defendants' self-serving interpretation of the matters reported in the press releases is not judicially noticeable.  *See Main v. Am. Airlines Inc.*, 248 F. Supp. 3d 786, 794 (N.D. Tex. 2017) ("[W]hile the Court may take judicial notice of those materials, it may not rely on the parties' opinions about what proper inferences should be drawn from them."); *WesternGeco v. Ion Geophysical Corp.*, 2009 WL 3497123, at *2 (S.D. Tex. Oct. 28, 2009) (declining judicial notice

---

[1]    "Defendants" are Globe Life, Gary L. Coleman, Larry M. Hutchison, Frank M. Svoboda, M. Shane Henrie, James Matthew Darden, Thomas P. Kalmbach, Steven K. Greer, Jennifer A. Haworth, R. Brian Mitchell, and Joel P. Scarborough.

- 1 -

request where a party "ask[ed] the Court to take notice of its interpretations of the contents of the documents"); *Sims v. Dow Chem. Co.*, 2009 WL 722302, at \*5 n.24 (M.D. La. Mar. 18, 2009) (acknowledging case law holding that the "court may not take judicial notice of one party's opinion of how matter[s] of public record should be interpreted").[2]  The Court therefore should preclude Defendants' use of the Form 8-K for the improper purpose of arguing that scienter for purposes of Lead Plaintiffs' §10(b) claim is "negate[d]." Request at 2.  That is particularly true here because the SEC has officially stated that the "attempted use" of an SEC prosecution decision "as a purported defense" is "clearly inappropriate and improper," because it could be based on reasons that are "clearly irrelevant to the merits."  Procedures Relating to the Commencement of Enforcement Proceedings and Termination of Staff Investigations, Securities Act Release No. 5310, Exchange Act Release No. 9796, Investment Company Act Release No. 7390, Investment Advisors Act No. 336 (proposed Sep. 27, 1972), https://www.sec.gov/divisions/enforce/wells-release.pdf.; *see also* 15 U.S.C. §78z (no inference from SEC inaction); 17 C.F.R. §202.5(d) (SEC's recommendation against enforcement "must in no way be construed as indicating that [a] party has been exonerated").

Indeed, courts across the country routinely find that a non-prosecution decision by the SEC is irrelevant to a merits determination of a civil securities fraud action. *See, e.g.*, *In re Verifone Holdings, Inc. Sec. Litig.*, 704 F.3d. 694, 707 n.5 (9th Cir. 2012) ("We draw no inference from the SEC's decision not to plead scienter or charge defendants with fraud."); *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2014 WL 3891351, at \*4 n.5 (S.D.N.Y. Aug. 8, 2014) ("The SEC's decision to not prosecute its claims is irrelevant as to whether Plaintiffs have plausibly alleged claims in ***this***

---

[2]   *See also Karg v. Transamerica Corp.*, 2019 WL 3938471, at \*6 (N.D. Iowa Aug. 20, 2019) ("Even if the Court takes judicial notice of defendants' SEC filings, though, 'it may not rely on [defendants'] opinions about what proper inferences should be drawn from them.'"); *Tech. Partners, Inc. v. Papaioannou*, 2015 WL 9304562, at \*3 (W.D.N.C. Dec. 21, 2015) ("If a court does decide to take judicial notice of certain papers, it must be careful to limit that judicial notice so as to not take judicial notice of a party's interpretation of those papers."). Unless otherwise noted, citations are omitted and emphasis is added.

- 2 -

case."); *In re Am. Apparel, Inc. S'holder Litig.*, 2013 WL 174119, at \*13 (C.D. Cal. Jan. 16, 2013) ("The SEC is not the plaintiff in this action, and its [non-prosecution] decision is not dispositive of the issues raised by defendants' motions."); *In re Cirrus Logic, Inc.*, 2008 WL 4065925, at \*5 (W.D. Tex. Aug. 28, 2008) ("the SEC's decision to take no enforcement action is not a determination on the merits . . . in any sense"); *In re Bos. Sci. Corp. Sec. Litig.*, 646 F. Supp. 3d 249, 273 n.28 (D. Mass. 2022) ("[t]hat the SEC decided not to take an enforcement action is not material to my disposition on the motion to dismiss").

Importantly, the Form 8-K makes no suggestion that the SEC and DOJ cleared Globe Life of any wrongdoing, and any such inference would be improper. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 482, 502 (S.D.N.Y. 2009) ("A regulatory body acts or fails to act for any number of reasons. ***Attributing action or inaction to only one reason absent substantial further factual evidence would be mere speculation***."); *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 749 F. Supp. 2d 542, 556 (E.D. Ky. 2010) ("***inaction on the part of the government cannot be used to prove innocence, and therefore such inaction is irrelevant***"), *aff'd*, 697 F.3d 387 (6th Cir. 2012); *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 263 (3d Cir. 2017) ("***Generally, an agency decision on whether to act in a particular matter or at a particular time 'often involves a complicated balancing' of factors***: the agency must 'assess whether a violation has occurred,' 'whether agency resources are best spent' on that matter, whether that particular action 'best fits the agency's overall policies, and indeed whether the agency has enough resources to undertake the action at all.' ***Reading agency tea leaves is therefore a vexing prospect*** . . . ."); *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 664 (7th Cir. 2002) (holding that evidence of the DOJ's inaction could not be introduced to show "that because the Justice Department has not moved against the alleged . . . price-fixing conspiracy, there must not have been one"); *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1245 (N.D. Cal. 2008) (government inaction "'***must in no***

- 3 -

***way be construed as indicating that the party has been exonerated or that no action may
ultimately result***'").

**Second**, even if it were proper for Defendants to seek judicial notice of their interpretation of
the press releases (it is not), their argument that the press releases somehow "negate[] an inference of
scienter" is entirely baseless.  Request at 2.  Lead Plaintiffs' myriad scienter allegations in this case
focus on details reflecting Defendants' knowledge and recklessness, and the Consolidated Complaint
for Violations of the Federal Securities Laws (ECF 24) (the "Complaint") contains nearly 50 pages
of allegations directly relevant to the scienter inquiry, of which the SEC and DOJ investigations are
just one small piece.  *See* Complaint, §VI.  Lead Plaintiffs allege a strong inference of scienter based
on detailed contemporaneous facts that contradicted Defendants' statements, including: (a) testimony
from Company insiders; (b) information gleaned from various consumer complaints and the *Fuzzy
Panda* report; (c) the individual defendants' executive compensation and insider trading;
(d) testimony and court filings presented in other pending litigation; (e) the United States Equal
Employment Opportunity Commission's investigations into alleged employee misclassification and
years' long sexual harassment claims; and (f) the core operations doctrine. *See generally* Complaint,
¶¶262-341, 350-357.

As explained in Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss the
Consolidated Complaint (ECF 46) (the "Opposition"), the relevant inquiry at the motion to dismiss
stage "is whether ***all*** of the facts alleged, taken collectively, give rise to a strong inference of
scienter, not whether any individual allegation, scrutinized in isolation, meets that standard."
*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322-23 (2007) (emphasis in original).  The
Complaint easily satisfies this test.  *See* Opposition at 24-34.

- 4 -

Accordingly, the Request should be denied.

DATED: August 1, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
LAURA ANDRACCHIO (admitted *pro hac vice*)
ROBERT R. HENSSLER JR. (admitted *pro hac vice*)
ASHLEY M. KELLY (admitted *pro hac vice*)
MEGAN M. SONNEY (admitted *pro hac vice*)


s/ Robert R. Henssler Jr.
ROBERT R. HENSSLER JR.

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
landracchio@rgrdlaw.com
bhenssler@rgrdlaw.com
ashleyk@rgrdlaw.com
msonney@rgrdlaw.com

MOTLEY RICE LLC
GREGG S. LEVIN
WILLIAM S. NORTON (admitted *pro hac vice*)
JOSHUA C. LITTLEJOHN
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
glevin@motleyrice.com
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

Lead Counsel for Lead Plaintiffs

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

- 5 -

4927-6942-8313