# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST, on Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>GLOBE LIFE INC. f/k/a TORCHMARK CORPORATION, GARY L. COLEMAN, LARRY M. HUTCHISON, FRANK M. SVOBODA, M. SHANE HENRIE, JAMES MATTHEW DARDEN, THOMAS P. KALMBACH, STEVEN K. GREER, JENNIFER A. HAWORTH, R. BRIAN MITCHELL, and JOEL P. SCARBOROUGH,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § § §  Civil Action No. 4:24-cv-376<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss the Consolidated Complaint and Incorporated Memorandum of Law in Support (the "Motion") (Dkt. #39). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

Globe Life Inc. ("Globe Life") is an insurance holding company that markets and distributes its insurance products through a network of sales agents contracted by wholly owned subsidiaries, referred to as agencies, the largest of which is American Income Life Insurance Company ("AIL") (Dkt. #24 at ¶¶ 3, 58; Dkt. #39 at p. 12). Globe Life's shares trade on the New York Stock Exchange under the symbol "GL," and as of January 31, 2024, Globe Life had over 93 million outstanding shares of common stock (Dkt. #24 at ¶ 29).

The proposed class ("Plaintiffs") consists of those who purchased or otherwise acquired Globe Life's common stock between May 8, 2019, and April 10, 2024 (the "Class Period") (Dkt. #24 at ¶ 1). Plaintiffs allege the sales agents of Globe Life's subsidiaries, including AIL, carried out fraudulent practices to deceptively acquire business, which artificially inflated key metrics reported by Globe Life to Plaintiffs throughout the Class Period (Dkt. #24 at ¶ 5). Globe Life's compensation structure, recruitment practices, and toxic business environment purportedly fostered this rampant fraud and deceit (Dkt. #24 at ¶¶ 79–146).

At all relevant times, the following individuals served on Globe Life's executive committee: Gary L. Coleman ("Coleman"), Larry M. Hutchison ("Hutchison"), Frank M. Svoboda ("Svoboda"), M. Shane Henrie ("Henrie"), James M. Darden ("Darden"), Thomas P. Kalmbach ("Kalmbach"), Steven K. Greer ("Greer"), Jennifer A. Haworth ("Haworth"), R. Brian Mitchell ("Mitchell"), and Joel P. Scarborough ("Scarborough") (the "Individual Defendants" and collectively, with Globe Life, "Defendants") (Dkt. #24 at ¶¶ 30–39). Darden, Henrie, Kalmbach, Svoboda, Scarborough, and Mitchell also served in executive positions for AIL (Dkt. #24 at ¶ 50).

In sum, Globe Life common stock allegedly traded at artificially inflated prices throughout the Class Period as a direct result of Defendants' scheme and materially false and misleading statements and omissions of material fact concerning Globe Life and AIL's sales, premium revenue, pyramid structure, business Code of Conduct, and workplace environment, which were widely disseminated to the securities market, to investment analysts, and to investors generally (Dkt. #24 at ¶¶ 41–373). Plaintiffs also allege the Individual Defendants sold their personally-held shares of Globe Life stock at these artificially inflated prices for proceeds while in possession of material, non-public information (Dkt. #24 at ¶¶ 30–39). Plaintiffs purchased or otherwise acquired Globe

Life common stock during the Class Period relying on the integrity of Globe Life's market price and the information reported or otherwise represented by Globe Life and the Individual Defendants (Dkt. #24 at ¶¶ 363–69).

On August 11, 2024, a third-party short seller report, the Fuzzy Panda Research, was published and detailed an undercover investigation into Globe Life's allegedly fraudulent operations (Dkt. #24 at ¶ 8). In addition to this report, Plaintiffs' counsel conducted its own investigation into Defendants' purportedly fraudulent practices, which included a review of Globe Life's public filings with the Securities and Exchange Commission ("SEC"); press releases and other publications disseminated by Defendants; news articles, investigative reports, and shareholder communications; securities analyst reports; court filings involving Defendants; documents produced pursuant to requests for information under the Freedom of Information Act ("FOIA") and state public records laws; interviews of former Globe Life employee; and consultations with experts (Dkt. #24 at ¶ 2).

Based on these investigations and Plaintiffs' personal knowledge regarding the alleged misconduct, KBC Asset Management NV ("KBC") and City of Birmingham Retirement and Relief System ("BRRS") (collectively, "Lead Plaintiffs") filed this federal class action against Globe Life and the Individual Defendants, claiming violations of the Securities Exchange Act of 1934 (the "Exchange Act"), and SEC Rule 10b-5 promulgated thereunder (Dkt. #24 at ¶ 1). Specifically, the complaint alleges the following causes of action: (i) violations of § 10(b) and SEC Rule 10b-5(b) against Globe Life, Coleman, Hutchison, Svoboda, Darden, Kalmbach, and Haworth (Dkt. #24 at ¶¶ 380–87); (ii) violations of § 10(b) and SEC Rule 10b-5(a) and (c) against Defendants (Dkt. #24 at ¶¶ 388–94); (iii) violations of § 20A against Coleman, Hutchison, Svoboda, Kalmbach,

3

Darden, Greer, Haworth, and Henrie (Dkt. #24 at ¶¶ 395–421); and (iv) violations of § 20(a) against Defendants (Dkt. #24 at ¶¶ 422–27).

On December 3, 2024, Defendants filed their Motion to Dismiss (Dkt. #39). On January 31, 2025, Plaintiffs filed their Response (Dkt. #46). On February 28, 2025, Defendants filed their Reply (Dkt. #53). On March 28, 2025, Plaintiffs filed their Sur-Reply (Dkt. #54). In addition to this briefing, on July 30, 2025, Defendants filed a Request for Judicial Notice concerning the SEC and the Department of Justice's decision to close their respective investigations into Globe Life (Dkt. #55). On August 1, 2025, Plaintiffs filed their Response to Defendants' Request for Judicial Notice (Dkt. #56). On August 7, 2025, Defendants filed a Reply in support of their Request for Judicial Notice (Dkt. #57).

The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I. Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that

are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts apply Rule 12(b)(6) principles to motions to dismiss in securities fraud class action cases, but in evaluating a motion under Rule 12(b)(6), the court must also consider the strict

pleading requirements of Rule 9(b) and the Private Securities Litigation Reform Act. FED. R. CIV. P. 9(b); 15 U.S.C. § 78u-4(b).

## II.     Rule 9(b)

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide[ ] defendants with fair notice of the plaintiffs' claims, protect[ ] defendants from harm to their reputation and goodwill, reduce[ ] the number of strike suits, and prevent[ ] plaintiffs from filing baseless claims." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)).

Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186. "Claims [ ] asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26, 2010) ("'[W]hen

6

the parties have not urged a separate focus on the negligent misrepresentation claims,' the Fifth Circuit has found negligent misrepresentation claims subject to Rule 9(b) in the same manner as fraud claims."). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

### III.     PSLRA

The Private Securities Litigation Reform Act of 1995 ("PSLRA") augments Rule 9(b)'s pleading requirements. Enacted in response to frustration with Rule 9(b)'s inability "to prevent abusive, frivolous strike suits," the goal of the PSLRA is to "prevent the abuse of federal securities laws by private plaintiffs." *See Nathenson v. Zonagen Inc.*, 267 F.3d 400, 406–07 (5th Cir. 2001) (citing H.R. CONF. REP. No. 104-369, at 41 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 740).

> The PSLRA provides in relevant part:
>
> In any private action arising under this chapter in which the plaintiff alleges that the defendant (A) made an untrue statement of a material fact; or (B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading; the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.
>
> In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

15 U.S.C. § 78u–4(b)(1)–(2). As such, the PSLRA's requirements are particularity and scienter. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 240 (5th Cir. 2009) (citing 15 U.S.C.§ 78u–4(b)(1)–(2)). First, "the PSLRA requires a plaintiff to identify each allegedly misleading statement with

7

particularity and explain why it is misleading"—the particularity requirement. *Lormand*, 565 F.3d at 240 (citing 15 U.S.C. § 78u–4(b)(1)). The totality of the complaint determines whether a claim has been pled with particularity. *Goldstein v. MCI Worldcom*, 340 F.3d 238, 246–47 (5th Cir. 2003). And, second, "[P]laintiff must allege facts 'giving rise to a strong inference that the defendant acted with the required state of mind' "—the scienter requirement. *Lormand*, 565 F.3d at 240 (quoting 15 U.S.C. § 78u–4(b)(2)).

The PSLRA was not, however, enacted "to raise the pleading burdens under Rule 9(b) and § 78u–4(b)(1) to such a level that facially valid claims, which are not brought for nuisance value or as leverage to obtain a favorable or inflated settlement, must be routinely dismissed on Rule 9(b) and 12(b)(6) motions." *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 354 (5th Cir. 2002). Thus, in securities fraud complaints, "plaintiffs need not allege all facts that may be related to their claims, since such a requirement is impossible at the pleading stage because in nearly every securities fraud case, only the defendants know all the facts related to the alleged fraud." *Id.* (citation modified).

## ANALYSIS

Plaintiffs' 157-page complaint raises four causes of action based on violations of the Exchange Act and the respective SEC Rules thereunder (Dkt. #24 at pp. 149–157). Defendants urge the Court to dismiss Plaintiffs' Class Action Complaint in its entirety under Rule 12(b)(6), for the following reasons: (1) Plaintiffs' reliance on a third-party short seller report as the basis for its claims does not constitute an allegation of particularized facts sufficient to plead securities fraud under the PSLRA and Rule 9(b); (2) Plaintiffs failed to sufficiently allege a false or misleading statement; (3) Plaintiffs failed to sufficiently allege or raise a strong inference of scienter; (4)

Plaintiffs failed to properly plead loss causation; (5) Plaintiffs failed to adequately plead a scheme claim; and (6) because control persons claims under Sections 20A and 20(a) are derivative claims under the Exchange Act, the control person claims fail if the Section 10(b) claims fail (Dkt. #39 at pp. 10–40).

In a mirror response to Defendants' Motion, Plaintiffs argue their Complaint has satisfied the pleading requirements under 12(b)(6), Rule 9(b), and the PSLRA for the following reasons: (1) even if the Court concludes the third-party short seller report referenced throughout the complaint was not reliable, Plaintiffs' allegations are based on personal knowledge and upon the investigation of their counsel (Dkt. #46 at pp. 9-10; Dkt. #24 at ¶ 2); (2) Plaintiffs specifically allege the materially false and misleading statements and omissions made to Plaintiffs—Globe Life's investors—regarding Globe Life's business practices and culture, financial metrics, compliance with privacy law, agent recruitment and retention, and Sarbanes-Oxley certifications, and they allege, in the totality of the complaint, why such representations were misleading (Dkt. #46 at pp. 10–24; Dkt. #24 at ¶¶ 41–373); (3) Plaintiffs sufficiently allege a strong inference of scienter based on testimonies from previous Globe Life executives, consumer complaints, third-party short seller report investigations, and the Individual Defendant's compensation and insider trading misconduct (Dkt. #46 at pp. 24–34; Dkt. #24 at ¶¶ 30–39); (4) Plaintiffs adequately allege loss causation by connecting the exposure of Globe Life's fraudulent representations to the decline of Globe Life's share prices (Dkt. #46 at pp. 38–40; Dkt. #24 at ¶¶ 363–69); (5) Plaintiffs adequately pled scheme liability by alleging Globe Life operated like a pyramid scheme, it engaged in fraudulent business practices when selling insurance products, and it actively concealed these business practices (Dkt. #46 at pp. 34–38; Dkt. #24 at ¶¶ 41–373); and (6) because Plaintiffs

adequately pled violations of Section 10(b) of the Exchange Act, Plaintiffs' control person claims under Section 20A and 20(a) should not fail (Dkt. #46 at p. 40).

After reviewing Plaintiffs' complaint and the arguments presented in the briefs, the Court finds that Plaintiffs have stated plausible claims for relief under the standards set forth in Rule 12(b)(6), Rule 9(b), and the PSLRA. Accordingly, dismissal is unwarranted, and Defendants' Motion should therefore be **DENIED**.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss the Consolidated Complaint and Incorporated Memorandum of Law in Support (the "Motion") (Dkt. #39) is hereby **DENIED**.

It is further **ORDERED** that the parties submit a jointly proposed amended scheduling order to the Court within fourteen (14) days from the date of this Order.

**IT IS SO ORDERED**.

**SIGNED this 29th day of September, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE