**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST, on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> GLOBE LIFE INC. f/k/a TORCHMARK CORPORATION, GARY L. COLEMAN, LARRY M. HUTCHISON, FRANK M. SVOBODA, M. SHANE HENRIE, JAMES MATTHEW DARDEN, THOMAS P. KALMBACH, STEVEN K. GREER, JENNIFER A. HAWORTH, R. BRIAN MITCHELL, and JOEL P. SCARBOROUGH, <br><br> Defendants. | Civil Action No. 4:24-cv-00376-ALM <br><br> <u>CLASS ACTION</u> <br><br><br><br> <u>DEMAND FOR JURY TRIAL</u> |

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**
**FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Defendants Globe Life Inc. f/k/a Torchmark Corporation ("Globe Life") and Gary L.

Coleman, Larry M. Hutchison, Frank M. Svoboda, M. Shane Henrie, James Matthew Darden,

Thomas P. Kalmbach, Steven K. Greer, Jennifer A. Haworth, R. Brian Mitchell, and Joel P.

Scarborough (collectively, the "Individual Defendants," and, together with Globe Life,

"Defendants"), by and through their undersigned attorneys, hereby file their Answer and Defenses

to the Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint"),

Dkt. 24.

1

Defendants deny all allegations that are not expressly admitted below. Defendants also deny all titles, headings, footnotes, subheadings, and any other material not contained in a numbered paragraph. When Defendants respond to an allegation by stating that they refer to a document, that document itself is the best evidence of its contents, and Defendants deny any allegations or characterizations based on the document. Defendants also deny any emphasis or other alteration to quotations from a document. Defendants reserve all rights regarding the existence, authenticity, accuracy, and admissibility of such documents.

By answering the Complaint, Defendants do not concede that any of its allegations are proper bases of liability or foundations for discovery. Defendants' responses to the specific allegations made in the numbered paragraphs of the Complaint are set forth below. Defendants reserve the right to seek to amend or supplement their Answer as may be necessary and appropriate.

**ANSWER**

1. Defendants admit that Lead Plaintiffs KBC Asset Management NV ("KBC") and City of Birmingham Retirement and Relief System ("BRRS") (collectively, "Plaintiffs") purport to assert claims pursuant to Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, and that Plaintiffs purport to bring this action as a putative class action on behalf of the class described. Defendants deny that Plaintiffs or the putative class members they purport to represent are entitled to relief and deny that class treatment of Plaintiffs' claims is appropriate. To the extent that Paragraph 1 contains additional allegations to which a response is required, Defendants deny those allegations.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 about Plaintiffs' personal knowledge, the investigation of their

counsel, and Plaintiffs' belief about what evidentiary support will exist after a reasonable opportunity for discovery, and therefore deny them. Defendants deny any remaining allegations in Paragraph 2.

## I.   INTRODUCTION

3.   Defendants deny the allegations in the first sentence of Paragraph 3. Defendants admit that Globe Life's wholly-owned subsidiaries underwrite insurance products and that the largest Globe Life subsidiary is American Income Life Insurance Company ("AIL"). Defendants deny the remaining allegations in Paragraph 3.

4.   Defendants admit that Globe Life publicly reported information regarding growth in life insurance premium revenue, sales, and agent count metrics during the Class Period. Defendants admit that the second sentence in Paragraph 4 quotes from the Globe Life Inc. Code of Business Conduct and Ethics as available on Globe Life's website and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 4.

5.   Defendants deny the allegations in Paragraph 5.

6.   Defendants admit that Scott Dehning was at one time AIL's Vice President of Field Operations. Defendants admit that the Complaint attaches as Exhibit A an affidavit filed by Dehning in the U.S. District Court for the Western District of Michigan ("Dehning Affidavit") and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 6, including as specifically related to the accuracy of the statements in Exhibit A.

7.   Defendants admit that Paragraph 7 quotes from Exhibit A to the Complaint and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 7, including as specifically related to the accuracy of the statements in Exhibit A.

8.   Defendants admit that the first sentence of Paragraph 8 draws from the statements in Exhibit A to the Complaint and refer to the document for its contents. Defendants admit that an

anonymous short seller named "Fuzzy Panda" published a report on April 11, 2024 concerning Globe Life, that the Complaint attaches a copy of the report as Exhibit B, and that the third sentence of Paragraph 8 quotes from Exhibit B.  Defendants deny the remaining allegations in Paragraph 8 and Footnote 1, including as specifically related to the accuracy of the statements in Exhibit A and Exhibit B.

9.      Defendants admit that Exhibit C to the Complaint is a copy of a filing made in April 2024 in the U.S. District Court for the Western District of Pennsylvania and that the second and fourth sentences of Paragraph 9 quote from Exhibit C.  Defendants deny the remaining allegations in Paragraph 9, including as specifically related to the accuracy of the statements in Exhibit C.

10.     Defendants admit that the allegations in the first sentence of Paragraph 10 quote from Globe Life's 2020 ESG Report and refer to the document for its contents.  Defendants admit that the allegations in the second sentence of Paragraph 10 quote from the message from the co-chief executive officers preceding Globe Life's Code of Conduct published in 2019 and refer to the document for its contents.  Defendants admit the allegations in the third sentence of Paragraph 10 quote from a February 28, 2023 *Business Insider* article and refer to the article for its contents. Defendants deny the remaining allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants admit that the U.S. Equal Employment Opportunity Commission ("EEOC") issued determination letters on September 26, 2024 related to allegations of workplace misconduct and sexual harassment at Globe Life and AIL and refer to the documents for their contents.  Defendants deny the remaining allegations in Paragraph 12, including as specifically related to the accuracy of the allegations in the determination letters.

13.     Defendants admit that the Complaint attaches as Exhibit D a copy of a September 26, 2024 determination letter from the EEOC and that the allegations in Paragraph 13 quote from Exhibit D.  Defendants deny the remaining allegations in Paragraph 13, including as specifically related to the accuracy of the allegations in Exhibit D.

14.     Defendants admit that the allegations in Paragraph 14 quote from Exhibit D to the Complaint.  Defendants deny the remaining allegations in Paragraph 14, including as specifically related to the accuracy of the allegations in Exhibit D.

15.     Defendants admit that the allegations in Paragraph 15 quote from Exhibit D to the Complaint.  Defendants deny the remaining allegations in Paragraph 15, including as specifically related to the accuracy of the allegations in Exhibit D.

16.     Defendants deny the allegations in Paragraph 16.

17.     Defendants admit that Globe Life filed a Form 8-K with the SEC on March 14, 2024 to disclose that Globe Life was fully cooperating with subpoenas received by Globe Life and AIL from the U.S. Attorney's Office for the Western District of Pennsylvania and refer to the Form 8-K for its contents.  Defendants admit that Globe Life did not make a public statement concerning the subpoenas before March 14, 2024.  Defendants admit that the allegations in the third sentence of Paragraph 17 quote from statements by Defendant Svoboda during a Globe Life earnings call on April 23, 2024, and refer to his statements for their contents.  Defendants deny the remaining allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18.

19.     Defendants admit that the allegations in Paragraph 19 quote from Exhibit B to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 19, including as specifically related to the accuracy of the allegations in Exhibit B.

20.    Defendants admit that the price of Globe Life's stock closed at $104.93 on April 10, 2024, and that the price of Globe Life's stock closed at $49.17 on April 11, 2024.  Defendants deny the remaining allegations in Paragraph 20.

21.    Defendants admit that the allegations in the second and third sentences of Paragraph 21 quote from an analyst report published by Evercore ISI on April 11, 2024, and refer to the report for its contents.  Defendants deny the remaining allegations in Paragraph 21.

22.    Defendants admit that Globe Life filed a Form 8-K with the SEC on May 21, 2024 that disclosed receipt of an informal inquiry from the SEC and refer to the document for its contents.  Defendants admit that Globe Life filed a Form 10-Q for the second quarter of 2024 with the SEC on August 7, 2024 that referenced the informal inquiry from the SEC and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 22.

## II.    JURISDICTION AND VENUE

23.    Defendants admit that Plaintiffs purport to assert claims pursuant to Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder.  Defendants deny that Plaintiffs or the putative class members they purport to represent are entitled to relief.  Defendants deny any remaining allegations in Paragraph 23.

24.    Defendants admit the allegations in Paragraph 24.

25.    Defendants admit that venue is proper in this District, that Globe Life's corporate headquarters are located in McKinney, Texas, which is within this District, and that Globe Life conducts substantial business in Texas.  Defendants deny the remaining allegations in Paragraph 25.

26.    Defendants deny the allegations in Paragraph 26.

III.    **PARTIES**

A.      **Plaintiffs**

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 about the business of Lead Plaintiff KBC Asset Management NV and therefore deny them.  Defendants deny the remaining allegations in Paragraph 27.

28.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 about the business of Lead Plaintiff City of Birmingham Retirement and Relief System and therefore deny them.  Defendants deny the remaining allegations in Paragraph 28.

B.      **Defendants**

29.    Defendants deny the first sentence in Paragraph 29.  Defendants admit the remaining allegations in Paragraph 29.

30.    Defendants admit the allegations in the first and second sentences of Paragraph 30. Defendants admit that Defendant Coleman signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") accompanying Forms 10-K and Forms 10-Q issued by Globe Life during his tenure as Co-CEO.  Defendants deny the remaining allegations in Paragraph 30.

31.    Defendants admit the allegations in the first and second sentences of Paragraph 31. Defendants admit that Defendant Hutchison signed certifications pursuant to the Sarbanes-Oxley Act of 2002 accompanying Forms 10-K and Forms 10-Q issued by Globe Life during his tenure as Co-CEO.  Defendants deny the remaining allegations in Paragraph 31.

32.    Defendants admit the allegations in the first, second, and third sentences of Paragraph 32.  Defendants admit that Defendant Svoboda signed certifications pursuant to the Sarbanes-Oxley Act of 2002 accompanying Forms 10-K and Forms 10-Q issued by Globe Life during his tenure as CFO.  Defendants deny the remaining allegations in Paragraph 32.

33.     Defendants admit the allegations in the first and second sentences of Paragraph 33. Defendants admit that Defendants Henrie and Scarborough are Principal Officers of AIL. Defendants deny the remaining allegations in Paragraph 33.

34.     Defendants admit the allegations in the first and third sentences of Paragraph 34. Defendants admit that Defendants Henrie and Scarborough are Principal Officers of AIL. Defendants deny the remaining allegations in Paragraph 34.

35.     Defendants admit the allegations in the first sentence of Paragraph 35.  Defendants admit that Defendant Kalmbach signed certifications pursuant to the Sarbanes-Oxley Act of 2002 accompanying Forms 10-K and Forms 10-Q issued by Globe Life during his tenure as CFO. Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants admit the allegations in the first, second, third, and fourth sentences of Paragraph 36.  Defendants deny the remaining allegations in Paragraph 36.

37.     Defendants admit the allegations in the first and second sentences of Paragraph 37. Defendants deny the remaining allegations in Paragraph 37.

38.     Defendants admit the allegations in the first, second, and third sentences of Paragraph 38.  Defendants deny the remaining allegations in Paragraph 38.

39.     Defendants admit the allegations in the first sentence of Paragraph 39.  Defendants admit that Defendants Henrie and Scarborough are Principal Officers of AIL.  Defendants deny the remaining allegations in Paragraph 39.

40.     Defendants admit that the Complaint refers to Defendants Coleman, Hutchison, Svoboda, Henrie, Darden, Kalmbach, Greer, Haworth, Mitchell, and Scarborough as the "Individual Defendants," and together with Globe Life, the "Defendants."  Defendants deny the remaining allegations in Paragraph 40.

IV. **COMPREHENSIVE STATEMENT OF THE CASE AND OVERVIEW OF THE FRAUDULENT SCHEME**

A. **Background of the Company**

1. **Globe Life's Business Environment**

41. Defendants admit that Globe Life's business segments include life insurance, supplemental health insurance, annuities, and investments. Defendants deny the remaining allegations in Paragraph 41.

42. Defendants admit that Globe Life operates in the low-middle income to middle-income market. Defendants admit that Globe Life's operations include the marketing and sale of basic and supplemental health insurance products through wholly-owned subsidiaries. Defendants deny the remaining allegations in Paragraph 42.

43. Defendants admit that Globe Life changed its name from Torchmark Corporation to Globe Life as of August 8, 2019. Defendants admit that the allegations in Paragraph 43 include quotations from a press release issued by Globe Life on August 9, 2019, and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants admit that the allegations in the first and second sentences of Paragraph 44 quote from a press release issued by Globe Life on August 9, 2019, and refer to the document for its contents. Defendants admit that the allegations in the third sentence of Paragraph 44 quote from the Globe Life Q4 2019 Earnings Call and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 44.

45. Defendants admit that certain Globe Life subsidiaries offered certain training, technology, and data support to sales agents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 45 about the

9

statements of an unnamed former sales agent and therefore deny them.  Defendants deny the remaining allegations in Paragraph 45.

46.    Defendants admit that Globe Life introduced Globe Life's Code of Conduct in August 2019.  Defendants admit that the allegations in the first sentence of Paragraph 46 quote from the CEO's Message at the beginning of Globe Life's 2019 Code of Conduct.  Defendants admit that the allegations in the second sentence of Paragraph 46 quote from Globe Life's 2019 Code of Conduct and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 46.

47.    Defendants admit that Globe Life and its subsidiaries adopted the Code of Conduct and refer to the Code of Conduct for its contents.  Defendants admit that Defendants Mitchell and Henrie are members of Globe Life's Ethics Committee.  Defendants admit that the allegations in the second sentence of Paragraph 47 quote from the Code of Ethics for CEO and Senior Financial Officers and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 47.

48.    Defendants admit that the allegations in Paragraph 48 quote from the Code of Ethics for CEO and Senior Financial Officers and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 48.

**2.    AIL Is the Largest Contributor to Globe Life's Success**

49.    Defendants admit the allegations in the first sentence of Paragraph 49.  Defendants admit that AIL is Globe Life's largest subsidiary in terms of sales and revenue.  Defendants deny the remaining allegations in Paragraph 49.

50.    Defendants admit that some of the individual Defendants have served or do serve in executive positions for AIL.  Defendants admit the allegations in subsections (a), (b) (c), (d), (e), and (f) of Paragraph 50.  Defendants deny the remaining allegations in Paragraph 50.

51.     Defendants admit that AIL contributed a larger amount than other subsidiaries to Globe Life's annual life insurance premium revenue for each year in the Class Period and that AIL contributed more than $1 billion annual life insurance premium revenue.  Defendants deny any remaining allegations in Paragraph 51.

52.     Defendants admit that AIL produced 46% of Globe Life's total reported life premium revenue in 2019, 47% in 2020, 48% in 2021, and 50% in 2022.  Defendants admit that AIL produced in excess of 50% of Globe Life's total reported life premium revenue in 2023. Defendants deny the remaining allegations in Paragraph 52.

53.     Defendants admit that the majority of producing agents have historically been contracted through AIL.  Defendants admit that in 2020, approximately two-thirds of producing agents were contracted through AIL.  Defendants deny the remaining allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants admit that one of measures used to assess profitability is the Company's underwriting margin, which consists of premium revenue, less policy obligations and policy acquisition costs and commissions.  Defendants admit that the allegations in the second and third sentences of Paragraph 55 draw from Globe Life's Form 10-K filed with the SEC on February 28, 2024, and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 55.

56.     Defendants admit that AIL was the largest contributor to Globe Life's life underwriting margin for years between 2020 and 2023.  Defendants deny that the table included in Paragraph 56 accurately reflects Globe Life's Life Insurance Underwriting Margin as reported in Globe Life's Annual Reports filed with the SEC on Form 10-K, and refer to such documents for their contents.  Defendants deny the remaining allegations in Paragraph 56.

11

57.    Defendants admit that Globe Life's 2023 Annual Report was signed by Defendants Darden and Svoboda.  Defendants admit that Paragraph 57 quotes from the Globe Life 2023 Annual Report and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 57.

### 3.    The Company's Hierarchical Structure

58.    Defendants admit that Globe Life's subsidiaries primarily offer simple, basic protection life insurance products, which are historically small-face amount policies with low premium revenue per policy.  Defendants admit that Globe Life tracks recruiting metrics.  Defendants deny the remaining allegations in Paragraph 58.

59.    Defendants admit that the first clause of the first sentence of Paragraph 59 quotes from the Globe Life Q1 2023 Earnings Call and refer to that document for its contents.  Defendants admit that the second clause of the first sentence of Paragraph 59 quotes from Globe Life's 2023 Annual Report filed with the SEC on Form 10-K.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 59 and therefore deny them.  Defendants deny the remaining allegations in Paragraph 59.

60.    Defendants admit that some AIL agents occupy more senior positions and some AIL agents occupy more junior positions.  Defendants admit that the fourth and fifth sentences of Paragraph 60 quote from Defendant Darden's statements at the February 14, 2023 Bank of America Securities Financial Services Conference Q&A, and refer to his statements for their contents.  Defendants deny the remaining allegations in Paragraph 60.

61.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in the third sentence of Paragraph 61 regarding unspecified "internal business records" obtained by unnamed "investigative journalists" and therefore deny the allegations.  Defendants deny the remaining allegations in Paragraph 61.

62.      Defendants admit that more senior agents receive compensation for policies sold by agents in their downline.  Defendants deny the remaining allegations in Paragraph 62.

63.      Defendants deny the allegations in Paragraph 63.

**B.      During the Class Period, Defendants Misrepresented Agent Career Prospects and Training Opportunities**

64.      Defendants admit that the allegations in the first clause of the first sentence of Paragraph 64 quote from Globe Life's 2019 and 2023 Codes of Conduct and refer to the documents for their contents.  Defendants admit that the allegations in the second clause of the first sentence of Paragraph 64 quote from AIL's "Career" website and refer to the website for its contents. Defendants deny the remaining allegations in Paragraph 64.

65.      Defendants admit that the allegations in the second sentence of Paragraph 65 quote from Globe Life's Q3 2022 Earnings Call and Globe Life's 2020 Annual Report filed with the SEC on Form 10-K and refer to the documents for their contents.  Defendants deny the remaining allegations in Paragraph 65.

66.      The first and second sentences of Paragraph 66 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations. Defendants admit that the third sentence of Paragraph 66 quotes from the FTC's Consumer Advice website and refer to the FTC website for its contents.  Defendants deny the remaining allegations in Paragraph 66.

67.      Defendants admit that Paragraph 67 includes a screenshot of language from the FTC's Consumer Advice website and refer to the FTC website for its contents.  Defendants deny the remaining allegations in Paragraph 67.

68.      Defendants admit that the allegations in the first and second sentences of Paragraph 68 quote from Exhibit B to the Complaint and refer to that document for its contents.  Defendants

13

lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 regarding the purported statements by unnamed sources collected by Fuzzy Panda and therefore deny them.  Defendants deny the remaining allegations in Paragraph 68.

69.    Defendants admit that the allegations in the first and third sentences of Paragraph 69 quote from Exhibit B to the Complaint and refer to that document for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 69 concerning purported statements made to or by unnamed purported "undercover investigators" and therefore deny them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 69 concerning the purported experiences of Fuzzy Panda or Dehning, or any statements made by Dehning to Fuzzy Panda, and therefore deny them.  Defendants admit that the allegations in the fifth sentence of Paragraph 69 include a screenshot of language from an affidavit filed by Scott Dehning in the U.S. District Court for the Western District of Michigan and refer to that document for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 69 concerning the beliefs of Dehning and therefore deny them.  Defendants deny the remaining allegations in Paragraph 69.

70.    Defendants deny the allegations in the first sentence of Paragraph 70.  Defendants admit that the allegations in the second and fourth sentences of Paragraph 70 quote from Exhibit B to the Complaint and refer to that document for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in fourth sentence of Paragraph 70 concerning purported statements made by an alleged former agent and therefore deny them.  Defendants deny the remaining allegations in Paragraph 70.

71.     Defendants admit that the allegations in the second sentence of Paragraph 71 quote from a statement by Defendant Darden at the February 14, 2023 Globe Life Company Conference Presentation at the Bank of America Securities Conference Q&A and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 71.

72.     Defendants admit that the allegations in the first and second sentence of Paragraph 72 quote from AIL's "Career" website, a screenshot of which is also included in Paragraph 72 and refer to the website for its contents.  Defendants admit that the allegations in the second sentence of Paragraph 72 quote from the February 10, 2021 Globe Life Company Conference Presentation at the Bank of America Securities Conference Q&A and refer to that document for its contents. Defendants deny the remaining allegations in Paragraph 72.

73.     Defendants admit that the allegations contained in Paragraph 73 quote from Exhibit C to the Complaint and refer to that document for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 concerning what Russin was purportedly prepared to do and therefore deny them.  Defendants deny the remaining allegations in Paragraph 73.

74.     Defendants admit that the allegations in the second sentence of Paragraph 74 quote from Exhibit A to the Complaint and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 74.

75.     Defendants admit that the allegations in the third sentence of Paragraph 75 quote from Exhibit B to the Complaint and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 75, including any allegation concerning the accuracy of the allegations in Exhibit B.

76.     Defendants deny the allegations in Paragraph 76 and Footnote 2.

77.     Defendants admit that the allegations in the first sentence of Paragraph 77 quote from Globe Life's Q3 2022 Earnings Call on October 27, 2022 and refer to that document for its contents.  Defendants admit that the allegations in the second sentence of Paragraph 77 quote from Globe Life's April 27, 2020 News Release titled "Globe Life Family of Companies Are Hiring Across United States, Including Canada and New Zealand" and Globe Life's Career Article titled "What is the Best Part of Being A Globe Life Agent?" and refer to those documents for their contents. Defendants deny the remaining allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

**C.    During the Class Period, Defendants Concealed that Fraud at AIL Was Inflating Sales**

79.     Defendants deny the allegations in Paragraph 79.

**1.    Globe Life's Reported Life Premium and Life Net Sales Growth Was a Mirage, Premised on Insurance and Consumer Fraud**

80.     Defendants admit that Defendants have reported Globe Life's life insurance revenue and net sales during the Class Period.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 concerning purported statements made by unnamed sources to Fuzzy Panda and Fuzzy Panda's purported "investigation" and therefore deny them.  Defendants deny the remaining allegations in Paragraph 80.

81.     Defendants admit that the allegations in Paragraph 81 quote from Globe Life's 2023 Code of Conduct and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 81.

82.     Defendants deny the allegations in Paragraph 82.

a.  **Defendants Concealed that the Company's Commission Structure Contributed to Fraudulent Practices**

83.  Defendants admit that Globe Life reported AIL's Life Insurance Net Sales and Life Insurance Premium.  Defendants admit that the third sentence of Paragraph 83 quotes from the definition of Life Net Sales in Globe Life's Form 10-Q and Form 10-K filings from 2019 to 2023 and refer to those documents for their contents.  Defendants admit the allegations in the fourth sentence of Paragraph 83.  Defendants admit the allegations in Footnote 3.  Defendants deny the remaining allegations in Paragraph 83.

84.  Defendants admit that the second and third sentences of Paragraph 84 draw from statements made during a February 6, 2019 Globe Life conference call and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 84.

85.  Defendants deny the allegations in Paragraph 85.

86.  Defendants deny the allegations in Paragraph 86.

87.  Defendants admit that the second and third sentences of Paragraph 87 quote from the transcript of the Globe Life Q3 2019 Earnings Call and refer to that document for its contents. Defendants deny the remaining allegations in Paragraph 87.

88.  Defendants admit that the second sentence of Paragraph 88 quotes from statements made by Defendant Hutchison at the Bank of America Merrill Lynch Securities Insurance Conference on February 12, 2020, and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 88.

89.  Defendants deny the allegations in Paragraph 89.

90.  Defendants deny the allegations in Paragraph 90.

91.  Defendants deny the allegations in Paragraph 91.

17

92.     Defendants admit that Globe Life's net sales reporting excluded policies that were cancelled within 30 days.  Defendants deny the remaining allegations in Paragraph 92.

        **b.**       **Defendants Credited AIL's Virtual Sales for AIL's Growth in Life Net Sales and Premium Revenue Life Premium, Concealing that Fraud Was Inflating the Growth**

93.     Defendants admit the allegations in Paragraph 93.

94.     Defendants admit that the first sentence of Paragraph 94 quotes from statements made during the Q4 2020 Globe Life Earnings Call and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 94.

95.     Defendants admit the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants admit the allegations in Paragraph 97.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants admit that the allegations in the bullet points in Paragraph 99 quote from statements made during the Globe Life Q3 2024 earnings call, statements made during the Bank of America Insurance Conference on February 10, 2021, and statements made in Globe Life's 2020 Annual Report and Globe Life's 2021 Annual Report, and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

### c.  Defendants Concealed that the Company Engaged in Deceptive Acts and Consumer Fraud

106.  Defendants deny the allegations in Paragraph 106.

107.  Defendants admit that allegations in Paragraph 107 quote from and refer to Exhibit B of the Complaint and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 107, including any concerning the accuracy of the allegations in Exhibit B.

108.  Defendants admit that the allegations in the second and fourth sentences of Paragraph 108 quote from and refer to Exhibit B to the Complaint and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 108, including any concerning the accuracy of the allegations in Exhibit B.

109.  Defendants admit that the allegations in the second sentence of Paragraph 109 quote from an AIL document titled "Frequently Asked Questions by Your Union Members" and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 109.

110.  Defendants deny the allegations in Paragraph 110.

111.  Defendants deny the allegations in Paragraph 111.

### 2.  Defendants Knew that Fraud Was Rampant at AIL

112.  Defendants deny the allegations in Paragraph 112.

113.  Defendants admit that the allegations in Paragraph 113 quote from Exhibit A to the Complaint refer to such document for its contents.  Defendants deny the remaining allegations in Paragraph 113, including any concerning the accuracy of statements made in Exhibit A.

114.  Defendants admit that the allegations in Paragraph 114 refer to statements in Exhibit B to the Complaint and refer to such document for its contents.  Defendants deny the

remaining allegations in Paragraph 114, including any concerning the accuracy of the statements made in Exhibit B.

115.    Defendants deny the allegations in Paragraph 115.

**D.    Defendants Concealed that Globe Life and Its Senior Insiders Created a Toxic Work Environment that Permeated All Levels of the Company**

116.    Defendants deny the allegations in Paragraph 116.

117.    Defendants admit Globe Life's 2019, 2020, 2021, 2022, and 2023 ESG Reports and 2024 Sustainability Report state that Globe Life "prohibits and will not tolerate any such discrimination or harassment" and that "[v]iolence and threatening behavior are not permitted" and refer to the documents for their contents.  Defendants admit a February 28, 2023 *Business Insider* article reported that Defendant Haworth "said by email that AIL 'takes seriously any allegation brought to its attention concerning sexual harassment, inappropriate conduct, or unethical business practices' and 'makes clear that it does not tolerate' such behavior" and "[a]gents or others 'are subject to contract termination if they engage in misconduct'" and refer to the article for its contents.  Defendants deny the remaining allegations in Paragraph 117, including as to the accuracy of the allegations in the *Business Insider* article.

118.    Defendants deny the allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants admit the allegations in the first sentence of Paragraph 120 quote from the complaint filed in *Little, et al. v. American Income Life Insurance Company*, No. MID-L-000417-24 (N.J. Super. Ct., Middlesex Cnty.) ("*Little*") and refer to the document for its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 120 regarding the statements of an unnamed former Vice President of Field Operations at AIL and therefore deny them.   Defendants deny the

20

remaining allegations in Paragraph 120, including as specifically related to the accuracy of the allegations in the *Little* complaint.

121.    Defendants admit the allegations in the first sentence of Paragraph 121 draw from Exhibit B to the Complaint and refer to the document for its contents.  Defendants admit the allegations in the third and fourth sentences of Paragraph 121 draw from the *Little* complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 121, including as specifically related to the accuracy of the allegations in Exhibit B and the *Little* complaint.

122.    Defendants admit the allegations in Paragraph 122 draw from allegations in the *Little* complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 122, including as specifically related to the accuracy of the allegations in the *Little* complaint.

123.    Defendants deny the allegations in the first sentence of Paragraph 123.  Defendants admit the allegations in the second sentence of Paragraph 123 quote from Exhibit A to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 123, including as specifically related to the accuracy of the allegations in Exhibit A.

124.    Defendants admit the allegations in Paragraph 124 quote from Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 124, including as specifically related to the accuracy of the allegations in Exhibit D.

125.    Defendants admit the allegations in the first and third sentences of Paragraph 125 draw from Exhibit D to the Complaint and refer to the document for its contents.  Defendants admit the allegations in the second sentence of Paragraph 125 draw from a complaint filed in *Ruiz v. American Income Life Insurance Company, et al.,* No. MID-L-001967 (N.J. Super. Ct.,

21

Middlesex Cnty.) ("*Ruiz*") and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 125, including as specifically related to the accuracy of the allegations in Exhibit D and the *Ruiz* complaint.

### 1. The Giglione-Ackerman Agency

126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 126 regarding the "course of Fuzzy Panda's investigation" and therefore deny them. Defendants admit the allegations in the second sentence of Paragraph 126 reference allegations made in Exhibit B to the Complaint and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 126, including as specifically related to the accuracy of the allegations in Exhibit B.

127. Defendants admit the allegations in the first sentence of Paragraph 127 quote from Exhibit B to the Complaint and refer to the document for its contents. Defendants admit the allegations in the third and fourth sentences of Paragraph 127 quote from the *Ruiz* complaint and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 127, including as specifically related to the accuracy of the allegations in Exhibit B and the *Ruiz* complaint.

128. Defendants admit the allegations in Paragraph 128 quote from the *Ruiz* complaint and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 128, including as specifically related to the accuracy of the allegations in the *Ruiz* complaint.

129. Defendants admit the allegations in Paragraph 129 quote from the *Ruiz* complaint and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 129, including as specifically related to the accuracy of the allegations in the *Ruiz* complaint.

130.    Defendants admit the allegations in Paragraph 130 draw from the *Ruiz* complaint and refer to the document for its contents.   Defendants deny the remaining allegations in Paragraph 130, including as specifically related to the accuracy of the allegations in the *Ruiz* complaint.

### 2.    Arias Organization

131.    Defendants admit the allegations in the first sentence of Paragraph 131.  Defendants deny the remaining allegations in Paragraph 131.

132.    Defendants deny the allegations in the first sentence of Paragraph 132.  Defendants admit the allegations in the second and third sentences of Paragraph 132 quote and draw from a complaint filed in *Zinsky v. Russin, et al.,* No. 2:22-cv-00547 (W.D. Pa.) ("*Zinsky*") and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 132, including as specifically related to the accuracy of the allegations in the *Zinsky* complaint.

133.    Defendants admit the allegations in Paragraph 133 draw from the *Zinsky* complaint and refer to the document for its contents.   Defendants deny the remaining allegations in Paragraph 133, including as specifically related to the accuracy of the allegations in the *Zinsky* complaint.

134.    Defendants deny the allegations in the first sentence of Paragraph 134.  Defendants admit the allegations in the second and third sentence of Paragraph 134 draw from the *Zinsky* complaint and refer to the document for its contents.  Defendants deny that the *Zinsky* complaint alleges that Zinsky "personally informed AIL's Senior Vice President of Agency, Debbie Gamble . . . of her concerns, at which point Gamble escalated the matter directly to Globe Life's Assistant General Counsel, Logan P. Blackmore" as the *Zinsky* complaint does not mention Debbie Gamble. Defendants deny the remaining allegations in Paragraph 134, including as specifically related to the accuracy of the allegations in the *Zinsky* complaint.

135.    Defendants admit that Janet Hendrick of the Phillips Murrah law firm was retained to investigate allegations made by Zinsky.  Defendants admit the allegations in the second sentence of Paragraph 135 draw from allegations in the *Zinsky* complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 135, including as specifically related to the accuracy of the allegations in the *Zinsky* complaint.

136.    Defendants admit the allegations in the first sentence of Paragraph 136.  Defendants deny the allegations in the second sentence of Paragraph 136.

137.    Defendants admit the allegations in the first sentence of Paragraph 137 quote from a statement by Defendant Darden during the Q4 2023 earnings call and refer to the document for its contents.  Defendants admit the allegations in the second and third sentences of Paragraph 137 draw from the *Zinsky* complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 137, including as specifically related to the accuracy of the allegations in the *Zinsky* complaint.

138.    Defendants admit that Simon Arias received a Globe Life Legacy Award in 2022.  Defendants deny the remaining allegations in Paragraph 138.

139.    Defendants deny the allegations in the first sentence of Paragraph 139.  Defendants admit the allegations in the second sentence of Paragraph 139 quote from Exhibit C to the Complaint refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 139, including as specifically related to the accuracy of the allegations in Exhibit C.

140.    Defendants admit the allegations in Paragraph 140 quote from Exhibit C to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 140, including as specifically related to the accuracy of the allegations in Exhibit C.

141.    Defendants admit the allegations in Paragraph 141 quote from Exhibit C to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 141, including as specifically related to the accuracy of the allegations in Exhibit C.

142.    Defendants admit the allegations in the first sentence of Paragraph 142.  Defendants admit that the February 28, 2023 *Business Insider* article reports that Defendant Haworth provided comments and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 142, including as to the accuracy of any allegations in the *Business Insider* article.

143.    Defendants admit the allegations in the first and second sentences of Paragraph 143 quote from the February 28, 2023 *Business Insider* article and refer to the document for its contents.  Defendants admit the allegations in the fifth sentence quote from Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 143, including as specifically related to the accuracy of the allegations in Exhibit D.

144.    Defendants admit the United States District Court for the Western District of Pennsylvania issued subpoenas to Globe Life and AIL in November of 2023 and refer to the documents for their contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 144 regarding the purported knowledge of investors and therefore deny them.  Defendants admit *Business Insider* published an article titled "EEOC takes up sexual harassment cases against Globe Life subsidiary" on December 29, 2023, and the allegations in the third sentence of Paragraph 144 quote from this article and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 144, including as specifically related to the accuracy of the allegations in the *Business Insider* article.

145.    Defendants admit the allegations in the first sentence of Paragraph 145 quote from statements made by Defendant Darden during Globe Life's Q3 2023 Earnings Call on February 8, 2024 and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 145.

146.    Defendants admit on March 14, 2024, Globe Life filed a Form 8-K with the SEC with an attached press release which stated "[a] publication posted an article regarding document subpoenas received by AIL and Globe Life from the U.S. Attorney's Office for the Western District of Pennsylvania" and that the "companies are fully cooperating with the government in response to these subpoenas" and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 146.

**E.    Fuzzy Panda Issues a Damning Report Revealing that the Company Is Plagued by Systemic Fraud and Misconduct and that Globe Life's Agencies Are Pyramid Schemes**

147.    Defendants admit that Fuzzy Panda published a purported report on Globe Life on April 11, 2024, which the allegations in Paragraph 147 draw from, and refer to that document for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 concerning the purported investigation by Fuzzy Panda and therefore deny them.  Defendants deny the remaining allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants admit that the allegations in Paragraph 149 draw from Exhibit B to the Complaint and refer to that document for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 concerning the purported investigation by Fuzzy Panda and therefore deny them.  Defendants deny the remaining allegations in Paragraph 149, including any concerning the accuracy of the allegations in Exhibit B.

150. Defendants admit that the allegations in Paragraph 150 reproduce a table from Exhibit B to the Complaint, as well as quote from Exhibit B, and refer to that document for its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the table included in Paragraph 150 concerning purported statements made by former Globe Life agents or executives and therefore deny them.  Defendants deny the remaining allegations in Paragraph 150, including any concerning the accuracy of the allegations in Exhibit B.

151. Defendants admit that the allegations in Paragraph 151 reference table from Exhibit B to the Complaint and refer to that document for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 concerning the purported investigation and findings by Fuzzy Panda and therefore deny them. Defendants deny the remaining allegations in Paragraph 151, including any concerning the accuracy of the allegations in Exhibit B.

152. Defendants admit that the allegations in Paragraph 152 quote from Exhibit B to the Complaint and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 152, including any concerning the accuracy of the allegations in Exhibit B.

153. Defendants admit that the allegations in Paragraph 153 reference Exhibit B to the Complaint and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 153, including any concerning the accuracy of the allegations in Exhibit B.

154. Defendants admit that the allegations in Paragraph 154 draw and quote from Exhibit B to the Complaint, which in turn references the *Ruiz* complaint, and refer to those documents for their contents.  Defendants deny the remaining allegations in Paragraph 154, including any concerning the accuracy of the allegations in Exhibit B or the *Ruiz* complaint.

155.    Defendants admit that the allegations in Paragraph 155 draw and quote from Exhibit B to the Complaint, which in turn references allegations made in the *Little* complaint, and refer to those documents for their contents.  Defendants deny the remaining allegations in Paragraph 155, including any concerning the accuracy of the allegations in Exhibit B or the *Little* complaint.

156.    Defendants admit that the allegations in Paragraph 156 draw and quote from Exhibit B to the Complaint and the *Zinsky* complaint and refer to those documents for their contents. Defendants deny the remaining allegations in Paragraph 156, including any concerning the accuracy of the allegations in Exhibit B or the *Zinsky* complaint.

157.    Defendants admit that the allegations in Paragraph 157 draw and quote from Exhibit B to the Complaint and refer to the documents for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 concerning the purported investigation and discoveries of Fuzzy Panda and therefore deny them. Defendants deny the remaining allegations in Paragraph 157, including any concerning the accuracy of the allegations in Exhibit B.

158.    Defendants admit that the allegations in Paragraph 158 draw and quote from Exhibit B to the Complaint and refer to the documents for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 concerning any purported statements to Fuzzy Panda's "investigators" and therefore deny them. Defendants deny the remaining allegations in Paragraph 158, including any concerning the accuracy of the allegations in Exhibit B.

159.    Defendants admit that the allegations in Paragraph 159 quote from, as well as include a graphic from, Exhibit B to the Complaint and refer to that document for its contents.

28

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 concerning purported statements a former Vice President of Field Operations for AIL and therefore deny them.  Defendants deny the remaining allegations in Paragraph 159, including any concerning the accuracy of the allegations in Exhibit B.

160.    Defendants admit that the allegations in Paragraph 160 draw from Exhibit B to the Complaint and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 160, including any concerning the accuracy of the allegations in Exhibit B.

161.    Defendants admit that the allegations in Paragraph 161 draw from Exhibit B to the Complaint and refer to that document for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 concerning the purported use of "undercover" sales agents by Fuzzy Panda and therefore deny them.  Defendants deny the remaining allegations in Paragraph 161, including any concerning the accuracy of the allegations in Exhibit B.

162.    Defendants admit that the allegations in Paragraph 162 draw and quote from Exhibit B to the Complaint and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 162, including any concerning the accuracy of the allegations in Exhibit B.

163.    Defendants admit that Globe Life's common stock closed at a price of $104.93 per share on April 10, 2024 and that Globe Life's common stock closed at a price of $49.17 per share on April 11, 2024.  Defendants deny the remaining allegations in Paragraph 163.

164.    Defendants admit that trading of Globe Life's stock was halted on April 11, 2024. Defendants deny the remaining allegations in Paragraph 164.

165.    Defendants admit that Globe Life issued a statement on April 11, 2024 titled "Globe Life Inc. Issues Statement Refuting Short Seller Allegations" and refer to that statement for its contents.  Defendants deny the remaining allegations in Paragraph 165, including any concerning the accuracy of the alleged Fuzzy Panda "findings."

**F.    The EEOC Determined that Globe Life Created and Condoned a Hostile Workplace Environment and "Company-Wide Culture of Sexual Harassment"**

166.    Defendants admit the EEOC issued letters of determination on September 26, 2024 to Globe Life and AIL and refer to the documents for their contents.  Defendants deny the remaining allegations in Paragraph 166, including as specifically related to the accuracy of the allegations in the EEOC Determination letters.

167.    Defendants admit the allegations in Paragraph 167 quote Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 167 and Footnote 7, including as specifically related to the accuracy of the allegations in Exhibit D.

168.    Defendants admit the allegations in Paragraph 168 quote from Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 168, including as specifically related to the accuracy of the allegations in Exhibit D.

169.    Defendants admit the allegations in Paragraph 169 quote from Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 169, including as specifically related to the accuracy of the allegations in Exhibit D.

170.    Defendants admit the allegations in Paragraph 170 quote from Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 170, including as specifically related to the accuracy of the allegations in Exhibit D.

171.    Defendants admit the allegations in Paragraph 171 quote from Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 171, including as specifically related to the accuracy of the allegations in Exhibit D.

172.    Defendants admit the allegations in Paragraph 172 quote from Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 172, including as specifically related to the accuracy of the allegations in Exhibit D.

173.    Defendants admit the allegations in Paragraph 173 quote from Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 173, including as specifically related to the accuracy of the allegations in Exhibit D.

174.    Defendants admit the allegations in Paragraph 174 quote from Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 174, including as specifically related to the accuracy of the allegations in Exhibit D.

175.    Defendants admit the allegations in Paragraph 175 quote from Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 175, including as specifically related to the accuracy of the allegations in Exhibit D.

## V.    DEFENDANTS' FALSE AND MISLEADING CLASS PERIOD STATEMENTS

176.    Defendants deny the allegations in Paragraph 176.

177.    Defendants deny the allegations in Paragraph 177 and Footnote 8.

### A.    Business Environment and Company Culture

178.    Defendants admit Globe Life published its 2019 ESG Report on the Investors page of Globe Life's website and refer to the statement in Globe Life's 2019 ESG Report quoted in Paragraph 178 for its contents.  Defendants deny the remaining allegations in Paragraph 178, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

179.     Defendants admit Globe Life published its 2020, 2021, 2022, and 2023 ESG Reports on the Investors page of Globe Life's website and refer to the documents for their contents. Defendants deny the remaining allegations in Paragraph 179.

180.     Defendants admit Globe Life's 2019 ESG Report states that violence and threatening behavior are not permitted.   Defendants deny the remaining allegations in Paragraph 180, including any allegation that the statement identified and emphasized in bold and italics was false or misleading, except refer to the 2019 ESG Report and the statement referenced in Paragraph 180 for their contents.

181.     Defendants admit Globe Life published ESG Reports for 2020, 2021, 2022, and 2023 and refer to the Reports for their contents.  Defendants deny the remaining allegations in Paragraph 181.

182.     Defendants admit that Globe Life's 2019 ESG Report states that Globe Life prohibits and will not tolerate discrimination or harassment.  Defendants deny the remaining allegations in Paragraph 182, including any allegation that the statements identified and emphasized in bold and italics were false or misleading, except refer to the 2019 ESG Report and the statement referenced in Paragraph 182 for their contents.

183.     Defendants admit that the allegations in Paragraph 183 quote from Globe Life's 2020 ESG Report and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 183, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

184.     Defendants admit Globe Life published ESG Reports for 2021, 2022, and 2023 and refer to the Reports for their contents.  Defendants deny the remaining allegations in Paragraph 184.

185. Defendants admit Paragraph 185 quotes from Globe Life's 2020 ESG Report and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 185, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

186. Defendants admit Globe Life published ESG Reports for 2021, 2022, and 2023 and refer to the documents for their contents. Defendants deny the remaining allegations in Paragraph 186.

187. Defendants admit Globe Life's 2020 ESG Report provided a link to its Code of Conduct. Defendants admit that the allegations in Paragraph 187 quote from the 2019 Code of Conduct and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 187, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

188. Defendants admit Globe Life publishes its Code of Conduct on the Investor page of Globe Life's website. Defendants admit the allegations in Paragraph 188 quote from Globe Life's 2024 Code of Conduct refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 188, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

189. Defendants admit the allegations in Paragraph 189 quote from the 2024 Code of Conduct and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 189, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

190. Defendants admit Globe Life published its 2021 SASB Index. Defendants deny the remaining allegations in Paragraph 190, including any allegation that the statement identified

and emphasized in bold and italics was false or misleading, except refer to the 2021 SASB Index and the statement referenced in Paragraph 190 for its contents.

191.    Defendants admit Globe Life published ESG Reports for 2022 and 2023 and refer to the documents for their contents.  Defendants deny the remaining allegations in Paragraph 191.

192.    Defendants admit the allegations in Paragraph 192 quote from the 2021 SASB Index and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 192, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

193.    Defendants admit the allegations in the first sentence of Paragraph 193.  Defendants admit the allegations in the second and third sentences of Paragraph 193 quote from the February 8, 2023 *Business Insider* article and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 193, including as specifically related to the accuracy of the allegations in the *Business Insider* article and any allegation that the statements identified and emphasized in bold and italics were false or misleading.

194.    Defendants admit the allegations in Paragraph 194 quote from statements made by Defendant Darden during Globe Life's Q 2024 earnings call on February 8, 2024 and refer to the statement for its contents.  Defendants deny the remaining allegations in Paragraph 194, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

195.    Defendants deny the allegations in Paragraph 195.

**B.    Life Net Sales and Life Premium**

196.    Defendants deny that the charts provided in Paragraph 196 accurately reflect Globe Life's and AIL's reported quarterly and annual Life Premium and Life Net Sales, and AIL's

34

percentage of Globe Life's total reported results for each fiscal period referenced therein. Defendants deny the remaining allegations in Paragraph 196 and Footnote 9.

197.    Defendants deny the allegations in Paragraph 197.

198.    Defendants admit that the allegations in Paragraph 198 quote from statements made during Globe Life Q3 2019 earnings call held on October 24, 2019 and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 198, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

199.    Defendants admit that the allegations in Paragraph 199 quote from Defendant Hutchison's statements during a Globe Life Q4 2019 earnings call held on February 5, 2020 and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 199, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

200.    Defendants admit that the allegations in Paragraph 200 quote from Defendant Hutchison's statements during a Globe Life Q4 2019 earnings call held on February 5, 2020 and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 200, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

201.    Defendants admit that the allegations in Paragraph 201 quote from Globe Life's 2019 Annual Report and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 201, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

202.    Defendants admit that AIL generated 46% of Globe Life's total underwriting margin, 55% of its Life Net Sales, and 46% of its total Life Premium in 2019.  Defendants admit

that the allegations in the second sentence of Paragraph 202 quote from Globe Life's 2019 Annual Report and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 202, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

203.    Defendants admit that the allegations in Paragraph 203 quote from statements made by Defendant Hutchison on February 12, 2020 at the Bank of America Merrill Lynch Securities Insurance Conference, and refer to those statements for their contents.  Defendants deny any remaining allegations in Paragraph 203, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

204.    Defendants admit that the allegations in Paragraph 204 quote from statements made during Globe Life's April 23, 2020 earnings call and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 204, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

205.    Defendants admit that the allegations in Paragraph 205 quote from statements made during Globe Life's October 22, 2020 earnings call and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 205, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

206.    Defendants admit that the allegations in Paragraph 206 quote from statements made by Defendant Hutchison during Globe Life's February 3, 2021 earnings call and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 206, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

207.    Defendants admit that the allegations in Paragraph 207 quote from statements made by Defendant Hutchison during the February 10, 2021 Bank of America Insurance Conference and refer to those statements for their contents.  Defendants deny any remaining allegations in Paragraph 207, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

208.    Defendants admit  that the allegations in Paragraph 208 quote from Globe Life's 2020 Annual Report and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 208, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

209.    Defendants admit that the allegations in Paragraph 209 quote from Globe Life's 2020 Annual Report and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 209, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

210.    Defendants admit that the allegations in Paragraph 210 quote from Globe Life's 2020 Form 10-K filed with the SEC on February 25, 2021 and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 210.

211.    Defendants admit that the allegations in Paragraph 211 quote from statements made by Defendant Hutchison during Globe Life's April 22, 2021 earnings call and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 211, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

212.    Defendants admit that the allegations in Paragraph 212 quote from statements made by Defendant Hutchison during Globe Life's July 22, 2021 earnings call and refer to those

statements for their contents.  Defendants deny the remaining allegations in Paragraph 212, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

213.    Defendants admit that the allegations in Paragraph 213 refer to statements made during Globe Life's July 22, 2021 earnings call and refer to those statements for their contents. Defendants deny the remaining allegations in Paragraph 213.

214.    Defendants admit that the allegations in Paragraph 214 quote from statements made during Globe Life's July 22, 2021 earnings call and refer to those statements for their contents. Defendants deny the remaining allegations in Paragraph 214, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

215.    Defendants admit that the allegations in Paragraph 215 quote from and refer to statements made during Globe Life's October 21, 2021 earnings call and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 215, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

216.    Defendants admit that the allegations in Paragraph 216 quote from and refer to statements made by Defendant Hutchison during Globe Life's February 3, 2022 earnings call and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 216, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

217.    Defendants admit that the allegations in Paragraph 217 quote from statements made during the February 15, 2022 Bank of America Insurance Conference and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 217.

218.    Defendants admit that the allegations in Paragraph 218 quote from statements made by Defendant Darden during the February 15, 2022 Bank of America Insurance Conference, and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 218, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

219.    Defendants admit that the allegations in Paragraph 219 quote from Globe Life's 2021 Annual Report and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 219, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

220.    Defendants admit that the allegations in Paragraph 220 quote from statements made during the February 14, 2023 Bank of America US Financials Conference and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 220, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

221.    Defendants deny the allegations in Paragraph 221.

**C.    Consumer Privacy and Security**

222.    Defendants admit that Paragraph 222 quotes from the Globe Life's 2019, 2020, 2021, 2022, and 2023 Form 10-Ks, and refer to those documents for their contents.  Defendants admit that Globe Life's 2019, 2020, 2021, 2022, and 2023 Form 10-Ks were signed by some combination of by Defendants Coleman, Hutchison, Svoboda, Henrie, Darden, and Kalmbach.

223.    Defendants admit that Paragraph 223 quotes from Globe Life's 2019, 2020, 2021, 2022, and 2023 Form 10-Ks, and refer to those documents for their contents.  Defendants admit that the allegations in Paragraph 223 refer to other allegations in the Complaint drawn from the Fuzzy Panda report and filings in *Zinsky* and refer to those documents for their contents and

incorporate by reference Defendants' answers to the allegations in Paragraphs 9, 103-104, and 296 of the Complaint.  Defendants deny the remaining allegations in Paragraph 223, including any concerning the accuracy of any allegations in the Fuzzy Panda report or the filings in *Zinsky*.

224.    Defendants admit that the allegations in Paragraph 224 quote from Globe Life's 2019 ESG Report and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 224, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

225.    Defendants admit that the allegations in Paragraph 225 refer to other allegations in the Complaint drawn from the Fuzzy Panda report and filings in *Zinsky* and refer to those documents for their contents and incorporate by reference Defendants' answers to the allegations in Paragraphs 9, 103-104, and 296 of the Complaint.  Defendants deny the remaining allegations in Paragraph 225, including any concerning the accuracy of any allegations in the Fuzzy Panda report or the filings in *Zinsky*.

### D.    Recruiting, Retention, and the Tools to Succeed

226.    Defendants admit that Globe Life disclosed quarterly average producing agent count by distribution channel in its SEC filings during the Class Period.  Defendants admit that the allegations in the second and third sentences of Paragraph 226 draw from Globe Life's July 24, 2019 Form 8-K Filing (Q2 2019) and include a screenshot of a portion of the filing and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 226.

227.    Defendants admit that quarterly producing agent counts were discussed during certain of Globe Life's quarterly earnings calls during the Class Period.  Defendants admit the allegations in the second sentence of Paragraph 227.  Defendants admit that the allegations in third sentence of Paragraph 227 quote from statements made by Defendant Hutchison during Globe

40

Life's July 25, 2019 Q2 2019 earnings call and refer to the statements for their contents. Defendants deny the remaining allegations in Paragraph 227.

228.   Defendants deny that the chart provided in Paragraph 228 accurately reflects the Quarterly Average Producing Exclusive Agent Count and End of Quarter Agent Count for AIL reported by Globe Life in its SEC filings for each fiscal period referenced therein and the dates of each earnings call referenced therein.  Defendants deny the remaining allegations in Paragraph 228.

229.   Defendants admit the allegations in the first sentence of Paragraph 229.  Defendants admit that the allegations in the second sentence of Paragraph 229 quote from Globe Life's August 8, 2019 Form 10-Q and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 229, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

230.   Defendants admit that Globe Life filed quarterly reports (Forms 10-Q) and annual reports (Forms 10-K) during the Class Period that contained the reported AIL agent counts identified in the chart in Paragraph 230 and refer to these documents for their contents.  Defendants deny the remaining allegations in Paragraph 230, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

231.   Defendants admit that the allegations in the first and third sentences of Paragraph 231 quote from statements made by Defendant Hutchison during Globe Life's Q3 2019 earnings call held on October 24, 2019 and refer to those statements for their contents.  Defendants admit that the allegations in the second sentence of Paragraph 231 draw from statements made during Globe Life's Q3 2019 earnings call held on October 24, 2019 and refer to those statements for

41

their contents.  Defendants deny the remaining allegations in Paragraph 231, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

232.    Defendants admit that the allegations in Paragraph 232 quote from statements made by Defendant Svoboda during Globe Life's Q3 2019 earnings call held on October 24, 2019 and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 232, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

233.    Defendants admit the allegations in the first sentence of Paragraph 233.  Defendants admit that the allegations in the second sentence of Paragraph 233 quote from statements made by Defendant Hutchison during the February 12, 2020 Bank of America Merrill Lynch Securities Insurance Conference and refer to those statements for their contents.  Defendants deny the remaining allegations in the second sentence of Paragraph 233, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

234.    Defendants admit the allegations in Paragraph 234 quote from statements made during the February 10, 2021 Bank of America Insurance Conference and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 234.

235.    Defendants admit the allegations in Paragraph 235 quote from statements made during the February 10, 2021 Bank of America Insurance Conference and refer to the statements for their contents.  Defendants deny that the statements were made by Defendant Hutchison. Defendants deny the remaining allegations in Paragraph 235, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

236.    Defendants admit the allegations in Paragraph 236 quote from statements made during the February 10, 2021 Bank of America Insurance Conference and refer to the statements

for their contents.  Defendants deny that the statements were made by Defendant Hutchison. Defendants deny the remaining allegations in Paragraph 236, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

237.    Defendants admit the allegations in the second sentence of Paragraph 237 quote from statements made during the February 10, 2021 Bank of America Insurance Conference and refer to that document for its contents, but deny that the statements quoted in the second sentence of Paragraph 237 were made by Defendant Hutchison.  Defendants admit that the allegations in the  third, fourth, and fifth sentence of Paragraph 237 quote from statements made by Defendant Hutchison during Globe Life's Q4 2021 earnings call on February 3, 2022 and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 237, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

238.    Defendants admit the allegations in the first sentence of Paragraph 238.  Defendants admit that the allegations in the second sentence of Paragraph 238 quote from statements made by Defendant Hutchison during Globe Life's Q1 2022 earnings call on April 21, 2022 and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 238, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

239.    Defendants admit that Globe Life held an earnings call on October 27, 2022 to discuss Globe Life's results for the third quarter of 2022 and that Jamminder Singh Bhullar of JPMorgan Chase & Co. asked a question during the call.  Defendants admit that the allegations in the second sentence of Paragraph 239 quote from statements made by Defendant Hutchison during Globe Life's Q3 2022 earnings call on October 27, 2022 and refer to those statements for their

contents.  Defendants deny the remaining allegations in Paragraph 239, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

240.    Defendants admit that Andrew Scott Kligerman of Credit Suisse AG asked a question during Globe Life's Globe Life's Q3 2022 earnings call on October 27, 2022 and that Paragraph 240 quotes from statements made by Defendant Hutchison during the earnings call, and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 240, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

241.    Defendants admit that the allegations in Paragraph 241 quote from statements made by Defendant Hutchison during Globe Life's Q3 2022 earnings call on October 27, 2022 and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 241, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

242.    Defendants admit that the allegations in Paragraph 242 quote from statements made by Defendant Hutchison during Globe Life's Q3 2022 earnings call on October 27, 2022 and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 242.

243.    Defendants admit that Globe Life held an earnings call on February 2, 2023 to discuss Globe Life's results for the fourth quarter of 2022.  Defendants admit that the allegations in Paragraph 243 quote from statements made by Defendant Darden during Globe Life's Q4 2022 earnings call on February 2, 2022 and refer to those statements for their contents.  Defendants deny the remaining allegations in Paragraph 243, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

44

244.    Defendants admit that Andrew Scott Kligerman of Credit Suisse AG asked a question during Globe Life's Q4 2022 earnings call on February 2, 2022 and that Paragraph 240 quotes from statements made by Defendant Darden during the earnings call, and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 244, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

245.    Defendants admit the allegations in the first sentence of Paragraph 245.  Defendants admit the allegations in the second sentence of Paragraph 245 quote from Defendant Darden's statements during the February 14, 2023 Bank of America Securities Conference and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 245, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

246.    Defendants admit that Globe Life held an earnings call on July 27, 2023 after the close of the second quarter of 2023.  Defendants admit the allegations in the second sentence of Paragraph 246 quote from statements made by Jaaminder Singh Bhullar of JPMorgan Chase & Co. during Globe Life's Q2 2023 earnings call on July 27, 2023 and refer to the statements for their contents.  Defendants admit the allegations in the third sentence of Paragraph 246 quote from statements made by Defendant Darden during Globe Life's Q2 2023 earnings call on July 27, 2023 and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 246, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

247.    Defendants admit that Globe Life held an earnings call on February 8, 2024 to discuss Globe Life's results for the 2023 fiscal year.  Defendants admit that the allegations in the

45

second sentence of Paragraph 247 quote from statements made by Defendant Darden during Globe Life's Q4 2023 earnings call on February 8, 2024 and refer to those statements for their contents. Defendants deny the remaining allegations in Paragraph 247, including any allegation that the statement identified and emphasized in bold and italics was false or misleading.

248.    Defendants deny the allegations in Paragraph 248.

**E.    SOX Certifications**

249.    Defendants admit the allegations in the first sentence of Paragraph 249.  Defendants admit that the allegations in the second sentence of Paragraph 249 quote from exhibits to Globe Life's Form 10-Q for Q2 2019 and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 249 and Footnote 11.

250.    Defendants admit that the allegations in Paragraph 250 refer to SOX certifications in Globe Life's Form 10-Q and 10-K filings for each period between Q1 2019 and Q3 2023, and refer to such documents for their contents.  Defendants admit the allegations in Paragraph 250 with respect to the SOX certifications signed by Defendants Hutchison, Coleman, Svoboda, Darden, and Kalmbach for the Forms 10-K and 10-Q listed in the chart in Paragraph 250.  Defendants deny the remaining allegations in Paragraph 250.

251.    Defendants deny the allegations in the first sentence of Paragraph 251.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 251 regarding the reports of an unnamed former employee and therefore deny them.  Defendants deny the allegations in the third sentence of Paragraph 251.

**F.    Management's Report on Internal Control over Financial Reporting**

252.    Defendants admit that one way Globe Life audits its internal control over financial reporting is with the framework established by the Committee of Sponsoring Organizations of the Treadway Commission ("COSO").  Defendants admit the allegations in the second sentence of

Paragraph 252.  Defendants admit that the allegations in the third, fourth, and fifth sentences of Paragraph 252 quote from the COSO Internal Control Integrated Framework and refer to that document for its contents.  Defendants deny any remaining allegations in Paragraph 252.

253.    Defendants admit that Paragraph 253 quotes from the COSO Internal Control Integrated Framework and refers to that document for its contents.  Defendants deny any remaining allegations in Paragraph 253.

254.    Defendants admit the allegations in the first sentence of Paragraph 254.  Defendants admit that the second and third sentences of Paragraph 254 quote from the Globe Life 2019 Form 10-K, and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 254, including any allegation that the statements identified and emphasized in bold and italics were false or misleading.

255.    Defendants admit that the first sentence of Paragraph 255 quotes from the Globe Life 2019, 2020, 2021, 2022, and 2023 Form 10-Ks, and refer to those documents for their contents. Defendants admit the allegations in the second and third sentences of Paragraph 255. Defendants deny the remaining allegations in Paragraph 255.

256.    Defendants admit that the first sentence of Paragraph 256 quotes from the Globe Life 2019, 2020, 2021, 2022, and 2023 Form 10-Ks, and refer to those documents for their contents. Defendants deny the remaining allegations in Paragraph 256.

## VI.    ADDITIONAL SCIENTER ALLEGATIONS

257.    Defendants deny the allegations in Paragraph 257.

258.    Defendants deny the allegations in Paragraph 258.

259.    Defendants deny the allegations in Paragraph 259.

260.    Defendants deny the allegations in Paragraph 260.

261.    Defendants deny the allegations in Paragraph 261.

A.    **Globe Life's Sales Practices Are a Core Operation of the Company**

262.    Defendants deny the allegations in Paragraph 262.

263.    Defendants admit that the first and third sentences of Paragraph 263 quote from and excerpt Globe Life's Annual Reports and Form 10-K filings from 2019 to 2023 and refer to the documents for their contents.  Defendants admit the allegations in the second sentence of Paragraph 263.  Defendants deny the remaining allegations in Paragraph 263.

264.    Defendants admit the allegations in Paragraph 264.

265.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 265 and therefore deny them.  Defendants admit that the allegations in the second sentence of Paragraph 265 quote from the J.P. Morgan April 24, 2024 report titled "Makeover, Takeover, Suggestivist, Activist; Several Catalysts for Upside" and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 265.

266.    Defendants deny the allegations in Paragraph 266.

267.    The first sentence of Paragraph 267 contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.  Defendants admit that the Individual Defendants spoke about Globe Life's growth prospects, including growth at AIL.  Defendants admit that the allegations in Paragraph 267 quote from statements made by Defendant Hutchison during a Q3 2019 earnings call on October 24, 2019 and a Q2 2021 earnings call on July 22, 2021and refer to the statements for their contents.  Defendants admit that the allegations in Paragraph 267 quote from statements made by Defendant Darden on a Q4 2023 earnings call on February 8, 2024 and refer to the statements for their contents.  Defendants deny the remaining allegations in Paragraph 267, including any allegation that the statements identified and emphasized in bold and italics were false or misleading or demonstrate scienter.

48

268.    Defendants admit that the allegations in Paragraph 268 quote from the Globe Life 2021 Annual Report and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 268.

269.    Defendants deny the allegations in Paragraph 269.

270.    Defendants deny the allegations in Paragraph 270.

271.    Defendants admit that Globe Life's performance share awards are based on the three metrics identified in Paragraph 271.

272.    Defendants admit that Paragraph 272 includes a table from Globe Life's 2019 DEF 14A proxy statement filed March 19, 2020 and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 272.

273.    Defendants deny the allegations in Paragraph 273.

274.    Defendants admit that the allegations in Paragraph 274 quote from Globe Life's 2021 DEF 14A proxy statement filed with the SEC on March 17, 2022 and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 274.

275.    Defendants admit that Greer received bonuses in 2019, 2020, and 2022.  Defendants deny the remaining allegations in Paragraph 275.

**B.      The Individual Defendants' Class Period Stock Sales Enhance the Inference of Scienter**

276.    Defendants deny the allegations in Paragraph 276.

277.    Defendants admit that Defendant Coleman disposed of Globe Life shares during the Class Period and the Control Period and refer to the relevant Form 4s filed with the SEC for their contents.  Defendants deny the remaining allegations in Paragraph 277 and Footnote 12.

49

278.    Defendants admit that Defendant Hutchison disposed of Globe Life shares during the Class Period and the Control Period and refer to the relevant Form 4s filed with the SEC for their contents.  Defendants deny the remaining allegations in Paragraph 278.

279.    Defendants admit that Defendant Svoboda disposed of Globe Life shares during the Class Period and the Control Period and refer to the relevant Form 4s filed with the SEC for their contents.  Defendants deny the remaining allegations in Paragraph 279.

280.    Defendants admit that Defendant Henrie disposed of Globe Life shares during the Class Period and the Control Period and refer to the relevant Form 4s filed with the SEC for their contents.  Defendants deny the remaining allegations in Paragraph 280.

281.    Defendants admit that Defendant Kalmbach disposed of Globe Life shares during the Class Period and refer to the relevant Form 4s filed with the SEC for their contents.  Defendants admit the allegations in the second sentence of Paragraph 281.  Defendants deny the remaining allegations in Paragraph 281.

282.    Defendants admit that Defendant Greer disposed of Globe Life shares during the Class Period and refer to the relevant Form 4s filed with the SEC for their contents.  Defendants admit the allegations in the second sentence of Paragraph 282. Defendants deny the remaining allegations in Paragraph 282.

283.    Defendants admit that Defendant Mitchell disposed of Globe Life shares during the Class Period and the Control Period and refer to the relevant Form 4s filed with the SEC for their contents.  Defendants deny the remaining allegations in Paragraph 283.

284.    Defendants admit that Defendant Haworth disposed of Globe Life shares during the Class Period and refer to the relevant Form 4s filed with the SEC for their contents.  Defendants

admit the allegations in the second sentence of Paragraph 284. Defendants deny the remaining allegations in Paragraph 284.

285. Defendants deny the allegations in Paragraph 285.

286. Defendants deny the allegations in Paragraph 286.

287. Defendants admit the allegations in the first sentence of Paragraph 287. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287 concerning Plaintiffs' attempts to locate Defendants' 10b5-1 Plans and Plaintiffs' understanding of the SEC's requirements for 10b5-1 plans and therefore deny them. Defendants deny the remaining allegations in Paragraph 287.

288. Defendants admit that the second and third sentences of Paragraph 288 quote from an article published by Bloomberg on March 19, 2007 titled "The SEC Is Eyeing Insider Stock Sales" and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 288.

289. Defendants admit that Paragraph 289 draws from and quotes from a 2009 paper by Alan D. Jagolinzer in his paper titled, "SEC Rule 10b5-1 and Insiders' Strategic Trade" and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 289.

290. Defendants admit that Paragraph 290 refers to an article published on November 27, 2012 in *The Wall Street Journal* written by Susan Pulliam and Rob Barry and titled, "Executives' Good Luck in Trading Own Stock," and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 290.

291. Defendants admit that Paragraph 291 quotes from an article published in February 2013 by Wilson Sonsini Goodrich & Rosati and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 291.

292.     Defendants admit that the first sentence of Paragraph 292 quotes from 2021 article titled "Gaming The System: Three 'Red Flags' of Potential 10b5-1 Abuse" and refer to the document for its contents.  Defendants admit the allegations in the second sentence of Paragraph 292.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 292 concerning the motivations of the SEC in adopting amendments to Rule 10b5-1 under the Exchange Act and therefore deny them. Defendants deny the remaining allegations in Paragraph 292.

293.     Defendants deny the allegations in Paragraph 293.

**C.      Testimony and Court Filings from Unrelated Litigation Supports a Strong Inference of Scienter**

294.     Defendants deny the allegations in the first sentence of Paragraph 294.  Defendants admit Dehning filed a complaint in *Dehning v. Globe Life American Income Division, et al.,* No. 1:23-cv-01117 (W.D. Mich. July 1, 2024) ("*Dehning*") and that the allegations in the second and third sentences of Paragraph 294 quote from this complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 294, including as specifically related to the accuracy of the allegations in the *Dehning* complaint.

295.     Defendants admit Dehning filed an affidavit and a complaint in *Dehning v. Globe Life American Income Division, et al.,* No. 1:23-cv-01117 (W.D. Mich. July 1, 2024), and that Dehning's affidavit is attached as Exhibit A to the Complaint.  Defendants admit that the allegations in Paragraph 295 quote from the *Dehning* affidavit and complaint and refer to the documents for their contents.  Defendants deny the remaining allegations in Paragraph 295, including as specifically related to the accuracy of the allegations in the *Dehning* affidavit and complaint.

296.    Defendants admit the allegations in Paragraph 296 quote from the *Zinsky* Petition to Enforce Settlement and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 296, including as specifically related to the accuracy of the allegations in the *Zinsky* Petition to Enforce Settlement.

297.    Defendants deny the allegations in Paragraph 297.

298.    Defendants deny the allegations in Paragraph 298.

**D.    A Myriad of Government Investigations, Enforcement Actions, and Consumer Protection Violations Support a Strong Inference of Scienter**

299.    Defendants deny the allegations in the first sentence of Paragraph 299.  Defendants admit the allegations in the first bullet point of Paragraph 299 quote from a complaint filed in *Baker v. American Income Life Insurance Company, et al.,* No. SOM-L-001142 (N.J. Super. Ct., Somerset Cnty.) ("*Baker*") and refer to the document for its contents.  Defendants admit the allegations in the second bullet point of Paragraph 299 quote from a complaint filed in *Betancourt v. American Income Life Insurance Company,* No. 8:22-cv-00153 (C.D. Cal.) ("*Betancourt*") and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 299, including as specifically related to the accuracy of the allegations in the *Baker* and *Betancourt* complaints.

300.    Defendants deny the allegations in Paragraph 300.

**1.    Enforcement Actions by the California Department of Insurance and Other States' Insurance Departments**

301.    Defendants admit the allegations in the first bullet point of Paragraph 301 quote from an Order of Summary Revocation of Restricted Licenses filed in *In the Matter of the Licenses and Licensing Rights of Samvel A. Tigranyan,* No. VA201700284-AP (Cal. Ins. Comm'r) and refer to the document for its contents.  Defendants admit the allegations in the second bullet point of Paragraph 301 quote from an Accusation filed in *In the Matter of the Licenses and Licensing Rights*

*of Delmy Carolina Diaz aka Delmy Carolina Diaz-Cervantes,* No. LA201600482 (Cal. Ins. Comm'r) and refer to the document for its contents.  Defendants admit the allegations in the third bullet point of Paragraph 301 quote from an Accusation filed in *In the Matter of the Licenses and Licensing Rights of Claude Lee Perry a.k.a. Claude L. Perry,* No. SC201900146 (Cal. Ins. Comm'r) and refer to the document for its contents.  Defendants admit the allegations in the fourth bullet point of Paragraph 301 quote from an Accusation filed in *In the Matter of the Licenses and Licensing Rights of Noe Alejandro Gonzales III, a.k.a. Noe Alex Gonzales III d.b.a. Alex,* No. GG202000304 (Cal. Ins. Comm'r) and refer to the document for its contents.  Defendants admit the allegations in the fifth bullet point of Paragraph 301 quote from an Accusation filed in *In the Matter of the Licenses and Licensing Rights of Noe Alejandro Gonzales III dba Alex,* No. GG202200079 (Cal. Ins. Comm'r) and refer to the document for its contents.  Defendants admit the allegations in the sixth bullet point of Paragraph 301 quote from a Default Decision and Order of Revocation in *In the Matter of the Licenses and Licensing Rights of Noe Alejandro Gonzales III, dba Alex,* No. GG202200079 (Cal. Ins. Comm'r) and refer to the document for its contents. Defendants admit the allegations in the seventh bullet point of Paragraph 301 quote from an Order Suspending and Removing from Office and Employment with Production Agency and Notice of Right to Hearing in *In the Matter of the Licenses and Licensing Rights of Karen Manzano Gagarin,* No. VA201300894 (Cal. Dep't of Ins.) and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 301.

302.    Defendants admit the allegations in the first bullet point of Paragraph 302 quote from an Order Accepting Stipulation in *In the Matter of Trevor Fudge,* No. 18-15426 (Mich. Dep't of Ins. & Fin. Servs.) and refer to the document for its contents.  Defendants admit the allegations in the second bullet point of Paragraph 302 quote from a Consent Order Imposing Administrative

54

Fine in *In the Matter of Mary E. Rochester,* SCDOI File # 19-6742 (S.C. Dep't of Ins.) and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 302.

**2.    AIL's Sales Practices Violated Numerous State Insurance and Consumer Protection Laws, Including the NAIC's Model Code**

303.    Defendants deny the allegations in Paragraph 303.

304.    Defendants admit the allegations in the first sentence of Paragraph 304.  Defendants admit that the allegations in the second sentence of Paragraph 304 quote from the National Association of Insurance Commissioners' ("NAIC") 2024 version of the Unfair Trade Practices Act ("UTPA") and refer to the documents for its contents.

305.    Defendants admit that some states have adopted a version of the NAIC's Model UTPA, at least in part.  Defendants deny the remaining allegations in Paragraph 305.

306.    Defendants deny the allegations in Paragraph 306.

307.    Defendants admit the allegations in the first sentence of Paragraph 306 draw from a Default Order filed in *Mariangela Duerto Aranguren,* No. 2022-7499 (Tex. Ins. Comm'r Sept. 14, 2022) and refer to the document for its contents.  Defendants admit the allegations in the third sentence of Paragraph 306 draw from a Default Order filed in *Theresa Gil Romer,* No. 2024-8622 (Tex. Ins. Comm'r Apr. 25, 2024) and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 307.

308.    Defendants admit that the allegations in Paragraph 308 quote from a Consent Order filed in *In re Erica Robertson,* No. CO24-04-007 (Pa. Ins. Comm'r Apr. 19, 2024) and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 308.

309.    Defendants admit that the allegations in Paragraph 309 quote from a Consent Order filed in *In re Jenna S. Grula,* No. CO24-04-018 (Consent Order) (Pa. Ins. Comm'r Apr. 29, 2024)

and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 309.

310.    Defendants admit that the Pennsylvania Insurance Department published a Market Conduct Examination Report of AIL ("MCE Report") on October 12, 2023 and refer to the document for its contents.  Defendants admit that AIL paid a $130,000 fine to the Pennsylvania Insurance Department in connection with a market examination and that Defendants Mitchell and Scarborough signed the consent decree on behalf of AIL.  Defendants deny the remaining allegations in Paragraph 310.

311.    Defendants admit the allegations in Paragraph 311 quote from the MCE Report and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 311, including as specifically related to the accuracy of the allegations in the MCE Report.

312.    Defendants admit the allegations in Paragraph 312 quote from the MCE Report and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 312.

313.    Defendants admit the NAIC's Advertisements of Life Insurance and Annuities Model Regulation ("Model Regulation") states that "[t]he purpose of this regulation is to set forth minimum standards and guidelines to assure a full and truthful disclosure to the public of all material and relevant information in the advertising of life insurance policies and annuity contracts" and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 313.

314.    Defendants admit the allegations in Paragraph 314 quote from the Model Regulations and refer to the document for its contents.

315. Defendants admit the allegations in Paragraph 315 quote from the Model Regulations and refer to the document for its contents.

316. Defendants admit the allegations in the first sentence of Paragraph 316 quote from the Model Regulations and refer to the document for its contents. Defendants deny the allegations in the second sentence of Paragraph 316.

317. Defendants admit the allegations in the first sentence of Paragraph 317 quote from the Model Regulations and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 317.

318. Defendants admit a July 11, 2024 *Viceroy Research* article titled "Globe Life – Keefer Success Training Videos" claims that Globe Life published its training scripts on a website titled "The Keefer Success" and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 318.

319. Defendants admit a July 11, 2024 *Viceroy Research* article titled "Globe Life – Keefer Success Training Videos" claims that Globe Life published its training scripts on a website titled "The Keefer Success" and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 319.

320. Defendants admit a July 11, 2024 *Viceroy Research* article titled "Globe Life – Keefer Success Training Videos" claims that Globe Life published training scripts on a website titled "The Keefer Success" and refer to the document for its contents. Defendants deny the remaining allegations in Paragraph 320.

321. Defendants deny the allegations in Paragraph 321.

322. Defendants deny the allegations in Paragraph 322.

323.    Defendants admit that the first and second sentences of Paragraph 323 quote from the Fuzzy Panda Report and refer to that document for its contents.  Defendants admit that the allegations in Paragraph 323 draw from publicly-available complaints made to the BBB and refer to AIL's BBB Business Profile for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323 concerning complaints made to the FTC and therefore deny them.  Defendants deny the remaining allegations in Paragraph 323, including any concerning the accuracy of the Fuzzy Panda Report or any complaints made to the BBB and/or FTC.

### 3.    Consumer Complaints to the BBB

324.    Defendants admit that the allegations in Paragraph 324 draw from publicly-available complaints made to the BBB and refer to AIL's BBB Business Profile for its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 324 concerning the experiences of alleged customers and therefore deny them. Defendants deny the remaining allegations in Paragraph 324, including any concerning the accuracy of any complaints made to the BBB.

325.    Defendants admit that the allegations in Paragraph 325 draw from publicly-available complaints made to the BBB and refer to AIL's BBB Business Profile for its contents. Defendants deny the remaining allegations in Paragraph 325, including any concerning the accuracy of any complaints made to the BBB.

326.    Defendants admit that the allegations in the third sentence of Paragraph 326 quote from Exhibit B to the Complaint and refer to the document for its contents.  Defendants admit that the allegations in the bullet points in Paragraph 326 draw and quote from publicly-available complaints made to the BBB and refer to the complaints for their contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

58

326 concerning purported thoughts of, or statements made by, unidentified customers and therefore deny them. Defendants deny the remaining allegations in Paragraph 326, including any allegation concerning the accuracy of the allegations in Exhibit B or of any complaint made to the BBB.

327.    Defendants deny the allegations in Paragraph 327.

328.    Defendants admit that the allegations in the bullet points in Paragraph 328 quote from publicly-available complaints made to the BBB and refer to AIL's BBB Business Profile for its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328 concerning purported experiences of, or statements made by, unidentified customers and therefore deny them. Defendants deny the remaining allegations in Paragraph 328 and Footnote 14, including any concerning the accuracy of any complaints made to the BBB.

329.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329 concerning purported experiences of, or statements made by, unidentified customers and therefore deny them. Defendants deny the remaining allegations in Paragraph 329, including any concerning the accuracy of any complaints made to the BBB.

330.    Defendants admit that the allegations in the bullet points in Paragraph 330 quote from publicly-available complaints made to the BBB and refer to AIL's BBB Business Profile for its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330 concerning purported experiences of, or statements made by, unidentified customers and therefore deny them. Defendants deny the remaining allegations in Paragraph 330, including any concerning the accuracy of any complaints made to the BBB.

331.    Defendants admit that the allegations in the bullet points in Paragraph 331 quote from publicly-available complaints made to the BBB and refer to AIL's BBB Business Profile for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 331 concerning purported experiences of, or statements made by, unidentified customers and therefore deny them.  Defendants deny the remaining allegations in Paragraph 331, including any concerning the accuracy of any complaints made to the BBB.

332.    Defendants admit that the allegations in the second sentence of Paragraph 332 quote from Exhibit B to the Complaint and refer to that document for its contents.  Defendants admit that the allegations in the bullet points in Paragraph 332 quote from publicly-available complaints made to the BBB and refer to AIL's BBB Business Profile for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 332 concerning purported experiences of, or statements made by, unidentified customers and therefore deny them.  Defendants deny the remaining allegations in Paragraph 332, including any concerning the accuracy of the allegations in Exhibit B and any complaints made to the BBB.

333.    Defendants admit that the allegations in the first sentence of Paragraph 333 quote from Exhibit B and refer to that document for its contents. Defendants admit that the allegations in the bullet points in Paragraph 333 quote from publicly-available complaints made to the BBB and refer to AIL's BBB Business Profile for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 333 concerning purported thoughts or statements made by unidentified customers and therefore deny them. Defendants deny the remaining allegations in Paragraph 333, including any concerning the accuracy of Exhibit B and any complaints made to the BBB.

#### 4.    Consumer Complaints to the FTC

334.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334 concerning complaints made to the FTC and Plaintiffs' counsel's possession of the same pursuant to a FOIA request and therefore deny them.  Defendants deny the remaining allegations in Paragraph 334, including any concerning the accuracy of any complaints made to the FTC.

335.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the bullet points in Paragraph 335 concerning complaints made to the FTC and therefore deny them.  Defendants deny the remaining allegations in Paragraph 335, including any concerning the accuracy of any complaints made to the FTC.

336.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the bullet points in Paragraph 336 concerning complaints made to the FTC and therefore deny them.  Defendants deny the remaining allegations in Paragraph 336, including any concerning the accuracy of any complaints made to the FTC.

337.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the bullet points in Paragraph 337 concerning complaints made to the FTC and therefore deny them.  Defendants deny the remaining allegations in Paragraph 337, including any concerning the accuracy of any complaints made to the FTC.

338.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the bullet points in Paragraph 338 concerning complaints made to the FTC and therefore deny them.  Defendants deny the remaining allegations in Paragraph 338, including any concerning the accuracy of any complaints made to the FTC.

339.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the bullet points in Paragraph 339 concerning complaints made to the FTC

and therefore deny them.  Defendants deny the remaining allegations in Paragraph 339, including any concerning the accuracy of any complaints made to the FTC.

### 5.    Consumer Complaints to Various State Departments of Insurance

340.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340 concerning complaints made by unidentified customers to the Ohio Insurance Department and therefore deny them.  Defendants deny the remaining allegations in Paragraph 340, including any allegations concerning the accuracy of the allegations in Exhibit B to the Complaint or any complaints made to the BBB, FTC, or the Ohio Insurance Department.

341.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341 concerning complaints made by unidentified customers to the Washington State Office of Insurance Commissioner and therefore deny them.  Defendants deny the remaining allegations in Paragraph 341, including any concerning the accuracy of the allegations in Exhibit B to the Complaint or any complaints made to the BBB, FTC, the Ohio Insurance Department, or the Washington State Office of Insurance Commissioner.

### E.    The Numerous Investigations into the Misconduct Alleged Herein Supports an Inference of Scienter

### 1.    DOJ and SEC Investigations

342.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342 regarding the Complaint's characterization of the duties, responsibilities, and powers of the Department of Justice and the work of the Securities and Exchange Commission and therefore deny them.

343.    Defendants admit the United States District Court for the Western District of Pennsylvania issued a subpoena to Globe Life and AIL in November of 2023.  Defendants deny the remaining allegations in Paragraph 343.

62

344.    Defendants admit that the allegations in Paragraph 344 and Footnote 15 quote from and draw from a Confidential Legal Hold Notice distributed by Defendant Scarborough and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 344.

345.    Defendants deny the allegations in Paragraph 345.

346.    Defendants admit that in April 2024 Globe Life received a preliminary, informal inquiry from the SEC's Fort Worth Regional Office requesting information related to recent short seller reports making allegations about the Company.  Defendants deny the remaining allegations in Paragraph 346.

347.    Defendants admit that the allegations in the second sentence of Paragraph 347 draw from a Viceroy Research article published on May 16, 2024 titled "Globe Life – FOIA Update" and refer to the document for its contents.  Defendants admit the allegations in the third sentence of Paragraph 347 quote from a J.P. Morgan article published on May 20, 2024 titled "Globe Life Inc – This Too Shall Pass" and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 347, including any allegation as to the accuracy of the allegations in the Viceroy Research or J.P. Morgan articles.

348.    Defendants admit that the allegations in the first sentence of Paragraph 348 quote from a May 21, 2024 Form 8-K filed by Globe Life with the SEC and refer to the document for its contents.  Defendants admit that the allegations in the second sentence of Paragraph 348 quote from a J.P. Morgan article published on May 21, 2024 titled "Globe Life Inc – GL Receives an SEC Inquiry – Alert" and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 348, including any allegation as to the accuracy of the allegations in the J.P. Morgan article.

349.    Defendants deny the allegations in Paragraph 349.

350.    Defendants admit the EEOC issued Determination letters on September 26, 2024 to Globe Life and AIL and refer to the documents for their contents.  Defendants deny the remaining allegations in Paragraph 350, including as specifically related to the accuracy of the allegations in the EEOC Determination letters.

351.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 351 regarding the Complaint's characterization of the duties, responsibilities, and powers of the Equal Employment Opportunity Commission and therefore deny them.

352.    Defendants admit the allegations in Paragraph 352 quote from Globe Life's FY2020 Form 10-K and refer to the document for its contents.  Defendants admit that Globe Life's FY2023 10-K reported 18,356 producing agents with 10,579 of those agents affiliated with AIL.  Defendants admit that Globe Life's FY2022 10-K reported 16,756 producing agents with 9,444 of those agents affiliated with AIL.  Defendants admit that Globe Life's FY2021 10-k reported 17,092 producing agents with 9,415 of those agents affiliated with AIL.  Defendants admit that Globe Life's FY2020 10-K reported 17,606 producing agents with 9,664 of those agents affiliated with AIL.  Defendants deny the remaining allegations in Paragraph 352.

353.    Defendants deny the allegations in Paragraph 353.

354.    Defendants admit that the allegations in Paragraph 354 quote from Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 354, including as specifically related to the accuracy of the allegations in Exhibit D.

355.    Defendants admit that the allegations in the first sentence of Paragraph 355 quote from the February 8, 2023 *Business Insider* article and refer to the document for its contents.  Defendants admit that the second and fourth sentences of Paragraph 355 quote from Exhibit D to

the Complaint refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 355, including as specifically related to the accuracy of the allegations in the *Business Insider* article and Exhibit D.

356.     Defendants admit that the allegations in Paragraph 356 quote from Exhibit D to the Complaint and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 356, including as specifically related to the accuracy of the allegations in Exhibit D.

357.     Defendants deny the allegations in Paragraph 357.

**F.      Globe Life Engaged in Massive Stock Buy-Backs to Rebut Fuzzy Panda and Prop Up the Stock Price**

358.     Defendants admit that during a scheduled quarterly board meeting on April 25, 2024, Globe Life's Board of Directors authorized share repurchases of up to $1.3 billion for the two-year period ending December 31, 2025 under the Company's existing stock repurchase program, which was announced in a press release on April 29, 2024, and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 358.

359.     Defendants deny the allegations in Paragraph 359.

360.     Defendants admit the allegations in the first sentence of Paragraph 359.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 359 concerning purported statements made by unnamed analysts and therefore deny them.

361.     Defendants admit that Globe Life's stock closed at a price of $88.28 per share on July 24, 2024 and opened at a price of $94.01 per share on July 25, 2024.  Defendants admit that the allegations in Paragraph 361 draw from Globe Life's Q2 2024 Form 10-Q, dated August 7, 2024, and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 361.

362.    Defendants admit that the allegations in Paragraph 362 draw from Globe Life's Q2 2024 Form 10-Q, dated August 7, 2024, and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 362.

## VII.    LOSS CAUSATION/ECONOMIC LOSS

363.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 363 regarding the actions and beliefs of Plaintiffs and unidentified members of the putative class and therefore deny the allegations. Defendants deny the remaining allegations in Paragraph 363.

364.    Defendants admit that in its March 14, 2024 Form 8-K, Globe Life announced that the companies "are fully cooperating with the government in response to these subpoenas" and refer to the document for its contents.  Defendants admit that Globe Life's stock closed at a price of $119.08 on March 13, 2024 and $115.99 on March 14, 2024.  Defendants admit that the allegations in the fourth sentence of Paragraph 364 quote from a March 21, 2024 analyst report by Morgan Stanley and refer to the report for its contents.  Defendants deny the remaining allegations in Paragraph 364.

365.    Defendants admit that Fuzzy Panda issued a report on April 11, 2024.  Defendants deny the remaining allegations in Paragraph 365.

366.    Defendants admit that the price of the Globe Life common stock changed from $55.76, or 53%, from a closing price of $104.93 per share on April 10, 2024 to a closing price of $49.17 per share on April 11, 2025.  Defendants admit that trading of Globe Life's stock was halted on April 11, 2024.  Defendants deny the remaining allegations in Paragraph 366.

367.    Defendants admit that the allegations in the second sentence of Paragraph 367 quote from an article published by Morgan Stanley on April 12, 2024 and refer to the document for its contents.  Defendants deny the remaining allegations in Paragraph 367.

66

368.     Defendants admit that the allegations in the first sentence of Paragraph 368 quote from an article published by Morgan Stanley on April 24, 2024 and refer to the document for its contents.  Defendants admit that the allegations in the second sentence of Paragraph 368 quote from an article published by Evercore ISI on April 11, 2024 and refer to the document for its contents.  Defendants admit that the allegations in the third sentence of Paragraph 368 quote from an article published by Jeffries on April 28, 2024 and refer to the documents for its contents. Defendants deny the remaining allegations in Paragraph 368.

369.     Defendants deny the allegations in Paragraph 369.

## VIII.  APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET DOCTRINE

370.     Defendants deny the allegations in Paragraph 370.

371.     Defendants deny the allegations in Paragraph 371.

372.     Defendants deny the allegations in Paragraph 372.

373.     Defendants deny the allegations in Paragraph 373.

374.     Defendants deny the allegations in Paragraph 374.

375.     Defendants deny the allegations in the first and sixth sentences of Paragraph 375. Defendants admit the allegations in the second and third sentences of Paragraph 375.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 375 and therefore deny them.

376.     Defendants deny the allegations in Paragraph 376.

377.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377 and therefore deny them.

378.     Defendants deny the allegations in Paragraph 378.

379.     Defendants deny the allegations in Paragraph 379.

## IX.    CAUSES OF ACTION

### COUNT I

**For Violations of §10(b) of the Exchange Act and SEC Rule 10b-5(b)**
**(Against Globe Life, Coleman, Hutchison, Svoboda, Darden, Kalmbach, and Haworth )**

380.    Defendants incorporate each and every answer contained above as if fully set forth herein.

381.    Defendants deny the allegations in Paragraph 381.

382.    Defendants deny the allegations in Paragraph 382.

383.    Defendants deny the allegations in Paragraph 383.

384.    Defendants deny the allegations in Paragraph 384.

385.    Defendants deny the allegations in Paragraph 385.

386.    Defendants deny the allegations in Paragraph 386.

387.    Defendants deny the allegations in Paragraph 387.

### COUNT II

**For Violations of §10(b) of the Exchange Act and SEC Rule 10b-5(a) and (c)**
**(Against All Defendants)**

388.    Defendants incorporate each and every answer contained above as if fully set forth herein.

389.    Defendants deny the allegations in Paragraph 389.

390.    Defendants deny the allegations in Paragraph 390.

391.    Defendants deny the allegations in Paragraph 391.

392.    Defendants deny the allegations in Paragraph 392.

393.    Defendants deny the allegations in Paragraph 393.

394.    Defendants deny the allegations in Paragraph 394.

## COUNT III

### For Violations of §20A of the Exchange Act
### (Against Coleman, Hutchison, Svoboda, Kalmbach, Darden, Greer, Haworth, and Henrie)

395.    Defendants incorporate each and every answer contained above as if fully set forth herein.  Defendants admit that Count III is asserted against Defendants Coleman, Hutchison, Svoboda, Kalmbach, Darden, Greer, Haworth, and Henrie.  Defendants deny the remaining allegations in Paragraph 395.

396.    Defendants deny the allegations in Paragraph 396.

397.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 397 about KBC Equity Fund's purchases, and other Class members' purchases, of Globe Life stock during the Class Period, and therefore deny them.  Defendants deny any remaining allegations in Paragraph 397.

398.    Defendants deny the allegations in Paragraph 398.

399.    Defendants deny the allegations in Paragraph 399.

400.    Defendants deny the allegations in Paragraph 400.

401.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 401 about KBC Equity Fund's purchase of Globe Life stock and therefore deny them.  Defendants deny any remaining allegations in Paragraph 401.

402.    Defendants deny the allegations in Paragraph 402.

403.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 403 about KBC Equity Fund's purchase of Globe Life stock and therefore deny them.  Defendants deny any remaining allegations in Paragraph 403.

404.    Defendants deny the allegations in Paragraph 404.

405. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 405 about KBC Equity Fund's purchase of Globe Life stock and therefore deny them.  Defendants deny any remaining allegations in Paragraph 405.

406. Defendants deny the allegations in Paragraph 406.

407. Defendants deny the allegations in Paragraph 407.

408. Defendants deny the allegations in Paragraph 408.

409. Defendants deny the allegations in Paragraph 409.

410. Defendants deny the allegations in Paragraph 410.

411. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 411 about KBC Equity Fund's purchase of Globe Life stock and therefore deny them.  Defendants deny any remaining allegations in Paragraph 411.

412. Defendants deny the allegations in Paragraph 412.

413. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 413 about KBC Equity Fund's purchase of Globe Life stock and therefore deny them.  Defendants deny any remaining allegations in Paragraph 413.

414. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 414 about KBC Equity Fund's purchase of Globe Life stock and therefore deny them.  Defendants deny any remaining allegations in Paragraph 414.

415. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 415 about KBC Equity Fund's purchase of Globe Life stock and therefore deny them.  Defendants deny any remaining allegations in Paragraph 415.

416. Defendants deny the allegations in Paragraph 416.

417.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 417 about KBC Equity Fund's purchase of Globe Life stock and therefore deny them.  Defendants deny any remaining allegations in Paragraph 417.

418.   Defendants deny the allegations in Paragraph 418.

419.   Defendants deny the allegations in Paragraph 419.

420.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 420 about KBC Equity Fund's purchase of Globe Life stock and therefore deny them.  Defendants deny any remaining allegations in Paragraph 420.

421.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 421 about the purchases of Globe Life stock by KBC Equity fund and other members of the putative class and therefore deny them.  Defendants deny any remaining allegations in Paragraph 421.

## COUNT IV

### For Violations of §20(a) of the Exchange Act
### (Against All Defendants)

422.   Defendants incorporate each and every answer contained above as if fully set forth herein.

423.   Defendants deny the allegations in Paragraph 423.

424.   Defendants deny the allegations in Paragraph 424.

425.   Defendants deny the allegations in Paragraph 425.

426.   Defendants deny the allegations in Paragraph 426.

427.   Defendants deny the allegations in Paragraph 427.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief sought and therefore deny the allegations in the paragraphs underneath the heading "Prayer for Relief."

## DEMAND FOR TRIAL BY JURY

Defendants deny that any of the claims asserted against them are valid, but Defendants demand a trial by jury for all claims so triable.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses without assuming the burden of proof or any other burden if such burden would otherwise be on Plaintiffs:

## FIRST AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Defendants fail to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not make a misstatement or omission of material fact.

## THIRD AFFIRMATIVE DEFENSE

Defendants are not liable for alleged misstatements and omissions protected by the safe harbor provision of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-5, and the rules promulgated thereunder and/or the "bespeaks caution" doctrine.

## FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable for alleged misstatements and omissions that are non-actionable statements of corporate puffery.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, because Defendants acted with due diligence and/or did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe, that any misstatements or omissions of material fact existed in any of Defendants' statements challenged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants lacked the requisite scienter, including specific intent to deceive, willfulness, recklessness, and/or negligence, necessary to establish violations of the securities laws.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs did not rely on Defendants' alleged misstatements, or on the market price or on the integrity of the market as purportedly affected by any alleged misrepresentations or omissions, when trading in Globe Life's stock.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Defendants' alleged misstatements did not actually affect the market price of Globe Life's stock.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. Plaintiffs and the putative class are not entitled to any recovery because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in Globe Life's public filings, disclosures, and announcements, those of third parties, in the documents referenced in the Complaint, and/or from

73

other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants were entitled to, and did, rely on the advice of professionals, including attorneys and accountants, in making the decisions, statements, and omissions alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Every act or omission alleged in the Complaint was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

## TWELFTH AFFIRMATIVE DEFENSE

Without admitting that Plaintiffs suffered damages, or that Defendants are liable for any such damages, Defendants assert that any liability is limited by 15 U.S.C. § 78u-4(e) & (f) and under principles of equitable allocation, recoupment, set-off, proportionate liability, comparative fault, and failure to mitigate.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Sections 20(a) and 20A of the Securities Exchange Act of 1934 fail for lack of a primary violation of the Securities Exchange Act of 1934 or the rules or regulations thereunder.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim under Section 20(a) of the Securities Exchange Act of 1934 fails to the extent that the Individual Defendants did not control the primary violator.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim under Section 20(a) of the Securities Exchange Act of 1934 fails to the extent that the Individual Defendants did not culpably participate in the alleged fraud.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim under Section 20(a) of the Securities Exchange Act of 1934 fails to the extent that the Individual Defendants acted with good faith and did not directly or indirectly induce any act or acts constituting a direct or primary violation of the Securities Exchange Act of 1934 or the rules or regulations thereunder.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Section 20A of the Securities Exchange Act of 1934 are barred, in whole, or in part, to the extent that Plaintiffs or other members of the putative class did not contemporaneously trade with the 20A Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Individual Defendants' purchase or sale of Globe Life securities was not on the basis of material non-public information pursuant to 17 CFR § 240.10b5-1(c)(1)(i) to the extent that the Individual Defendants, prior to becoming aware of the information, either (1) entered into a binding contract to purchase or sell Globe Life securities; (2) instructed another person to purchase or sell Globe Life securities for their account; or (3) adopted a written plan for trading securities that complies with the requirements in 17 CFR § 240.10b5-1(c)(1)(i)(B).

## NINTEENTH AFFIRMATIVE DEFENSE

Defendants did not culpably participate in any fraudulent scheme or the making of any misstatement of material fact by any person who may be primarily liable for a direct or primary violation of the Securities Exchange Act of 1934 or the rules or regulations thereunder.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs' alleged losses were caused by factors other than Defendants' allegedly false or misleading statements.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they are untimely under the applicable statute of limitations and/or doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs assumed risks about which they complain in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

This action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Defendants reserve the right to raise any additional defenses, crossclaims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

WHEREFORE, Defendants, having fully answered Plaintiffs' Complaint, pray:

(a) that the Complaint be dismissed with prejudice;

(b) that judgment be entered in Defendants' favor;

(c) that all costs of this action be taxed against Plaintiffs; and

(d) for such other any further relief as the Court deems proper.

DATED: November 17, 2025

Respectfully submitted,

*/s/ Paul R. Bessette*

**KING & SPALDING LLP**
Paul R. Bessette
Texas Bar No. 02263050
Michael J. Biles
Texas Bar No. 24008578
Frances R. Fink
Texas Bar No. 24135291
500 West 2nd Street, Suite 1800
Austin, Texas 78701
Tel: (512) 457-2000
Fax: (512) 457-2100
Email: pbessette@kslaw.com
Email: mbiles@kslaw.com
Email: ffink@kslaw.com

*Attorneys for Defendants Globe Life Inc., Gary L. Coleman, Larry M. Hutchison, Frank M. Svoboda, M. Shane Henrie, James Matthew Darden, Thomas P. Kalmbach, Steven K. Greer, Jennifer A. Haworth, R. Brian Mitchell, and Joel P. Scarborough*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 17, 2025, the above document was served on counsel of record

for all parties via the CM/ECF system.


*/s/ Paul R. Bessette*
Paul R. Bessette